WILKINS T. WHEATLEY *v.* THOMAS E. TUTT *et al.*

*Error from Wyandotte County..*

In an action on a copartnership obligation against two co-partners, wherein an order of attachment was issued against them, and where an attorney appeared for and on behalf of both defendants, *semble*, that whether the service of process was regular on the defendant appealing, or not, is a question not material to the case. *So held*, where the appealing defendant showed that he was not present at the trial, had no notice, and did not employ or authorize the employment of counsel, but failed to

show that his co-defendant was not authorized to, and did not employ counsel for both, the presumption is that each co-partner was authorized to settle up the firm business.

Injunction, on petition of the appealing defendant in this case, against enforcing judgment against him, rightfully denied by the court below.

Sufficient of the facts of the case for presenting the points decided, appear in the opinion of the court.

*J. K. Hale*, for plaintiff in error.

*Jesse Cooper*, for defendants in error.

*Hale* submitted :

The authority to stay proceedings at law by injunction, is given to maintain purity in the administration of justice. It is a usual method of equitable interposition. 1 *Wat. & Eden Inj.*, 11, *note* 1; *Wil. Eq. Jur.*, 347 ; 2 *Story Eq. Jur.*, §§ 879, 880, 885, 887 ; *Civil Code*, § 247.

The judgment against which relief was sought was fraudulent ; no personal service was had, no authorized appearance made, and defendants therein had no knowledge of the pendency of the suit. This is a proper case for equitable relief. *Shelton* v. *Tiffin*, 6 *How.* (*U. S.*), 183 ; 16 *Curt.*, 643.

Where the judgment is contrary to equity, and defendant was ignorant of his defense, or could not have interposed his defense, in the absence of neglect on his part, the court will interfere. *Lansing* v. *Eddy*, 1 *Johns. Ch.*, 49 ; *LeGreen* v. *Gouveneur*, 1 *Johns. Cas.*, 436, 494 ; *Will. Eq. Jur.*, 351, 352, 353 ; *Lansing* v. *Orcutt*, 16 *Johns.*, 4.

Any fact which clearly proves it against conscience

to execute a judgment at law, of which the complainants could not have availed themselves in a court at law, unmixed with any fault of theirs, will induce the court of equity to enjoin the judgment. *Marine Ins. Co.* v. *Hodgson*, 7 *Cr.*, 332; 2 *Curt.*, 557; 6 *Johns. Ch.*, 87; 6 *How.*, 114 (*Davis* v. *Teliston*); *Pierce* v. *Christian*, 3 *Kelly*, 226; 17 *Conn.*, 530; 1 *Morris*, 108, § 303; 2 *Kelly*, 275; 3 *Gilm.*, 626; 8 *Sims.*, 787; 5 *How.*, 142; 2 *Story Eq.*, § 885; 5 *How.* (*U. S.*), 141; 8 *Ala.*, 784.

The allegations of the petition are to be taken as true, there being no answer. 4 *Paige*, 94, 95; 1 *Barb. Ch.*, 106; 19 *Mis.*, 677; 1 *Barb. Ch.*, 641-2.

A mortgagee out of possession, when the mortgage debt is due, has no interest in the mortgaged property which can be sold on execution. *Civ. Code*, § 470; 1 *Hill*, 108, 110; 5 *Ohio*, 253; 1 *id.*, 314; 2 *id.*, 224; 32 *N. Y.*, 457.

As a judgment creditor, Tutt & Co. could have redeemed. 17 *Conn.*, 129; 1 *Hill*, 108, 110; *Story Eq.*, § 1023.

The proceedings on the sale were irregular, and Tutt & Co., purchasers, are not such in good faith. (*As to the last two points, see brief of plaintiff in error, in Wilkins & Wheatley* v. *Tutt et al.*, *p.* 195, *ante.*)

The injunction is asked to prevent the money in hands of defendants below from being placed beyond the jurisdiction of the court, by being paid to defendants in error. 2 *Story Eq.*, 907; 9 *Wheat.*, 845.

The court has authority to review an order refusing an injunction. *L.* '65, *p.* 130.

All the provisions of the special statutory proceeding must be shown by the record to have been complied with. 6 *Wheat.*, 118; 7 *Wend.*, 145, 151; 13 *Wend.*, 465; 11 *Ill.*, 636; 11 *Mass.*, 512; 20 *Wend.*, 241; 7

*Cow.*, 88; *Art.* 5, *Amends. U. S. Const.*; 3 *How.* (*U. S.*), 762; *Blckd. Tax Tit.*, 184, 185; 15 *Curt.*, 634.

*Jesse Cooper*, for defendant in error, submitted:

1. The petition does not contain sufficient facts to warrant the issuance of an injunction. *a.* It does not appear therein that all the defenses possible were not made. *b.* It does not appear that responsible attorneys were not present, representing the parties, nor that one of the joint defendants was not present at the trial. *c.* All the facts alleged may be true, and yet no case was made. The plaintiffs are not shown in the petition to have suffered wrong.

2. The record shows a fair trial of an action that had been pending over eighteen months; that defendants made every conceivable defense, and preserved exceptions to the rulings.

3. The defendants, at all events, had opportunity to present a defense. Judgment rendered under such circumstances will not be enjoined. *Blount* v. *Dorrach*, 2 *Vt.*, 575; *Cook's R.*, 36; 3 *Desau*, 323; 1 *Car.*, 534; 1 *I. C.*, 436; 4 *Desau*, 422; 1 *Bibb*, 175; 4 *How.*, 7.

4. No allegation of wrong-doing is made against Tutt *et al.*

*Per Curiam*, SAFFORD, J.

This was an application for an order of injunction addressed to the district court of Wyandotte county. The relief sought to be obtained was, [among other things, the restraining of the defendant below from proceeding to enforce a certain judgment rendered by said district court, on the 10th day of April, A. D.

1863, in a case wherein Thomas E. Tutt *et al.* were plaintiffs, and the said Wilkins T. Wheatley and one Thomas F. Thatcher were defendants, and which judgment was against the said defendants, and ordered the sale of certain attached property. The district court refused the injunction as prayed for by the plaintiff in error, and he therefore brings the order containing such refusal to this court for review. The principal grounds upon which the plaintiff based his application for an injunction, as above stated, and upon which other objections rested, was the alleged fact that the said judgment had been rendered against the said Wheatley and Thatcher without actual notice to him, the said Wheatley, and without his ever having in any way been present at or cognizant of the trial therein, by himself or by attorney. But there is no allegation, either that the other defendant was not present at the trial, or that he had not employed attorneys to represent both defendants therein.

Having reference to the record of the said judgment, and the proceedings in the district court preliminary to its rendition, we find that the case was one in attachment begun and prosecuted in the ordinary way, and as pointed out by the statute. Property was attached, and the defendants were attempted to be served by publication.

These proceedings, it is claimed, were insufficient, as being informal, and not in accordance with law in matters of substance. But we think that all questions of this sort are out of the case, inasmuch as we find, on looking further into the record, that there was an appearance of attorneys for and in behalf of the defendants, from the time when such appearance was or could be required, until the final judgment was rendered in

the cause, and even thereafter, as appears by a bill of exceptions by them filed in the case.

Now, as before stated, this plaintiff alleges that he was not present at the said trial; that he did not have notice of it, and that he did not employ or authorize any attorney to represent himself or his co-defendant therein; but he does not go farther than this, and, for all that he shows, the other defendant might have both been present at the trial and employed and authorized attorneys to appear for himself and this plaintiff, or he might have given authority to some other person to so employ attorneys.

It is not claimed but what it would have been competent for Thatcher to have so employed attorneys to defend the case for himself and Wheatley, and that if he did so, both of them would be bound thereby. They had been partners in business together, were so at the time the obligations on which suit was brought were executed, and such obligations were executed as partnership obligations. It is not to be supposed that one of the partners could not bind the other in relation to the partnership business, and we repeat, that for all that appears, Thomas F. Thatcher might have so bound his co-defendant in this case. We think, therefore, that the petition of the plaintiff in error, as presented to the district court, was fatally defective in the particulars referred to, and consequently that the refusal of the court below to grant the injunction on account of any matter or objection as connected with this judgment was well founded.

In his petition, the plaintiff complains of another judgment rendered against him by the said district court upon a certain deed of trust, and alleges that there was no proper service upon him in the case in

which such judgment was entered. But as he does not ask for any injunction to issue in regard to or in any wise connected with such judgment, that whole matter may be passed over.

The plaintiff also alleges that the defendants, or some of them, have commenced other suits, having reference to the property involved in the two judgments before referred to, and asks that such defendants may be restrained from further prosecuting their said actions.

We think that he utterly fails to show that he is entitled to any such order, and beside, it is very doubtful if, in any such case, an injunction can issue at all. There are respectable authorities to that effect, but we will not attempt to examine them here, as upon the whole case presented by the plaintiff to the district court, it is clear, to our minds, that he was not entitled to any restraining order. He wholly fails to bring himself within the provisions of law as settled by our statutes, and the decisions upon the subject of injunctions.

The judgment of the district court is affirmed.

All the justices concurring.