MATTHEW CHAMBERS, *et al.*, V. ROBERT H. COX.

1. MORTGAGE; *Defense; Failure of Title.* In an action brought by the vendor of real estate, conveyed by deed of general warranty to foreclose a mortgage given for the purchase-money, the vendee and mortgagor may set up as a defense, a failure of the title to the property.

2. HOMESTEAD; *Separate Deed of Husband; Title.* Where the relation of husband and wife exists, the separate deed of the former of his homestead conveys no title, and this, notwithstanding the wife has never been a resident of the state, and has been abandoned by him without cause.

3. HOMESTEAD; *Descents and Distributions.* Section 8, of the chapter concerning descents and distribution, which denies to the wife, who has never been a resident of the state, any inheritance in lands conveyed by the separate deed of her husband, in no manner affects the question of the validity of the separate deed of the husband to the homestead.

*Error from Cowley District Court.*

ACTION by *Cox*, against *Chambers* and wife, upon a certain note, and a mortgage. The facts sufficiently appear in the opinion. Trial at the August Term, 1878, of the district court, and judgment for the plaintiff. The defendants bring the case here.

*Hackney & McDonald,* for plaintiffs in error.

*James Christian,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: Action by Cox, plaintiff below, upon a note and mortgage executed to him by the plaintiffs in error, defendants below, for the purchase-money of the real estate mentioned and described in the mortgage. The petition alleged the making by the defendants of the note and mortgage, and their subsequent default as to payment thereof, and demanded against them judgment on the note, and the foreclosure of the mortgage. The amended answer of the defendants set forth, that the only consideration for the note and mortgage sued on was the sale and conveyance by the plaintiff to the defendant Matthew Chambers of the real

estate described and covered by the mortgage; that said conveyance was by deed of general warranty; and that the only title the plaintiff had in or to said real estate at the time of his said conveyance thereof was derived solely from a conveyance thereof to him by one Joel E. Cox, who was at the time of his conveyance of said real estate to the plaintiff a married man, and that said real estate was at the date of such conveyance thereof to the plaintiff by the said Joel E. Cox the homestead of the latter, and that his wife did not join in said conveyance, or in any manner consent thereto, but on the contrary, claimed and asserted an estate and interest in and to said real estate, adverse to the defendants. The amended answer also alleged that the plaintiff was wholly insolvent, and admitted that the wife of Joel E. Cox had never been an actual resident of the state of Kansas, and alleged that she had theretofore been abandoned by him without cause or justification. It does not appear anywhere in the pleadings that the defendants had ever been let into the actual possession of the real estate conveyed to them by the plaintiff. To the amended answer of the defendants, the plaintiff demurred, upon the ground that it stated no cause of defense to his action. The district court sustained the demurrer, and the defendants excepted, and bring the case here for review.

That the defense of a failure of the title to premises conveyed by deed of general warranty may be made to an action brought by the vendor for the foreclosure of a mortgage given for the purchase-money, is clear. (*Scantlin v. Allison*, 12 Kas. 85.) The only question therefore is, whether this answer discloses a failure of title. If it had stopped with the allegation that Joel E. Cox was a married man, and that the property by him alone conveyed was his homestead, there would have been no question of the invalidity of such conveyance, and of the failure of title. (*Morris v. Ward*, 4 Kas. 244.) The homestead "shall not be alienated without the joint consent of husband and wife, when that relation exists." (Const., art. 15, § 9.)

The additional facts are, that the wife of said Cox had never been an actual resident of Kansas, and had been abandoned by her husband without cause. Do these facts make good the otherwise invalid deed? Sec. 8 of the chapter of descents and distributions, (Comp. Laws 1879, p. 379,) which gives to the widow one-half in value of all the real estate not sold for debts, and of which she has made no conveyance, contains this proviso: "*Provided,* That the wife shall not be entitled to any interest, under the provisions of this section, in any land to which the husband has made a conveyance, when the wife, at the time of the conveyance, is not or never has been a resident of this state." Upon this proviso, counsel for defendant in error mainly relies; but we fail to perceive how a statute regulating descents, affects the validity of this deed. Concede the power of the legislature in this respect, and that she can make no claim to inherit this land: how does that affect the deed? Suppose the legislature should provide that the wife inherit nothing in the homestead, whether she be a resident or not: would this incapacity to take by inheritance nullify the constitutional provision concerning the alienation of homesteads, or make good the single deed of the husband thereto? The separate deed of a married man to the homestead is void; it does not divest him of title, nor estop him from recovering the land. The question is not, Who will inherit from him? but, Has his title been divested? And the constitution says that his title to the homestead shall not pass, unless his wife joins in the deed. While the legislature may regulate the matter of inheritance, it cannot avoid or limit the constitutional provision for the protection of homesteads. The constitution forbids the alienation without the joint consent of husband and wife. It does not add, "providing they are living together and occupying the homestead," nor "providing that both are residents of the state;" but the prohibition against separate alienation is absolute, when the relation of husband and wife exists. Whether any exception to this absolute prohibition were wise, it is not for us to inquire. The legislature has not attempted to make any,

even if it had the power, but has repeated in the statute the very terms of the constitutional prohibition. (Comp. Laws 1879, p. 437, §1.) Neither is the presence of both husband and wife essential to the existence of a homestead. Though one may have abandoned the other, yet either may have the children to care for and be the head of a family, and occupy a homestead.

We conclude, therefore, that upon the facts as stated, the vendor had no title to convey, and this failure of title is a good defense. We may add that nothing is alleged, tending to create any estoppel, nothing showing an actual delivery, or taking of possession, and therefore nothing to surrender.

The judgment of the district court will be reversed, and the case remanded with instructions to overrule the demurrer.

All the Justices concurring.