## Isabel McKelvy v. George F. Kolbe and George W. Kolbe, Partners as George F. Kolbe & Son.

1. HUSBAND AND WIFE—*Mortgages on Household Goods—Joint Execution by.*— When it is required by a statute that there shall be a joint execution by husband and wife, the previous abandonment by either of the other does not make the execution by the one abandoned, alone, sufficient.

2. CHATTEL MORTGAGES—*On Household Goods—Joint Execution by Husband and Wife.*—A chattel mortgage on household goods, executed by a married woman, not joined in by her husband, although living separate and apart from her, is void.

Foreclosure of a Chattel Mortgage.—Appeal from the Circuit Court of Cook County; the Hon. CHARLES G. NEELY, Judge, presiding. Heard in this court at the October term, 1899. Reversed. Opinion filed June 21, 1900.

Statement.—This suit was brought to foreclose a chattel mortgage on household furniture, executed by appellant, a married woman. The bill alleges and the answer admits that the property is household goods.

The defense interposed by answer was that because the mortgage was on household goods, and was not joined in by the husband of appellant, it was therefore void under the provisions of the statute, Chap. 95, Sec. 24, R. S. To overcome this defense, appellees attempted to show that appellant and her husband were not living together, and for this reason that the mortgage was valid when executed by the appellant alone.

The court, upon hearing upon bill, answer and replication, entered a decree in substance as follows:

Finds that allegations of bill are true; finds that defend-

ant is a married woman, living separate and apart from her husband; that she and her husband have lived apart for the space of four years and upwards; that at the time of execution of said mortgage, goods and chattels mentioned in mortgage were separate property of defendant; that at time of execution of said mortgage said defendant had full right and power to mortgage said chattels without her husband joining therein, as required by the statute of Illinois; that by execution of mortgage defendant conveyed a good title to complainants, subject to condition of defeasance upon payment, etc.

A plea setting up the same defenses, by reason of the provisions of the statute and the failure of the husband of appellant to join in execution of the. mortgage, is apparently undisposed of, the decree of foreclosure having been based upon evidence heard upon bill, answer and replication.

From that decree this appeal is prosecuted.

HUGO EDMUND OSWALD, attorney for appellant.

ELMER E. SCHMUCK, attorney for appellees.

MR. PRESIDING JUSTICE SEARS delivered the opinion of the court.

But one question necessary to be considered is presented upon this appeal, viz., does the provision of the statute, Sec. 24, Chap. 95, apply to the mortgage here sought to be foreclosed.

The fact that an undisposed-of plea appears in the record, setting up the same defenses by reason of this statute, is of no consequence. Neither party has sought to take advantage of this state of the pleadings, and the same defense was presented by the answer.

We are of opinion that the defense is good and should have prevailed.

There can be no question here as to the goods covered by this mortgage being household goods, within the meaning of the act, whether used for one purpose or another, for

McKelvy v. Kolbe.

the bill of complaint alleges that they are household goods, and that because of the statute no foreclosure could be had without the intervention of the court.

The only question, then, to be determined, is, did the fact that husband and wife lived apart when the mortgage was executed by the wife, operate to preclude the application of the statute. We are of opinion that it did not.

The statute provides as follows: "No chattel mortgage executed by a married man or a married woman on household goods shall be valid unless joined in by the husband or wife, as the case may be."

The plain and unequivocal terms of the act prohibit the separate alienation by mortgage, without any qualification as to whether the husband and wife are living together or separate. We can not add a proviso or exception to the act, where the legislature has made none.

The provision of this clause of the act has received no construction by this or the Supreme Court. But there are decisions of other jurisdictions which, if not precisely in point, are applicable by analogy.

When it is required by statute that there shall be joint execution by husband and wife to release homestead rights, it has been repeatedly held that previous abandonment by one does not operate to make execution by the other alone sufficient. Larson v. Butts, 22 Neb. 370; Whitlock v. Gosson, 35 Neb. 829; Chambers v. Cox, 23 Kas. 393; Ott v. Sprague, 27 Kas. 620; Herron v. Knapp, etc., Co., 72 Wis. 553; Lies v. DeDiablar, 12 Calif. 328.

The Nebraska statute provides: "The homestead of a married person can not be conveyed or incumbered unless the instrument by which it is conveyed or incumbered is executed and acknowledged by both husband and wife." The Nebraska court in Whitlock v. Gosson, *supra*, says: "Here is a plain prohibition against the incumbrance of the homestead without the joint act of both husband and wife. It contains no exception with respect to an absent or insane husband or wife;" and the court held that when a mortgage was executed by the husband alone, the wife being insane and living separate and apart from him and in

another State, it was inoperative to convey the homestead rights of either.

The constitution of the State of Kansas provides that the homestead "shall not be alienated without the joint consent of husband and wife, when that relation exists." In Chambers v. Cox, *supra*, the Kansas court, speaking through Mr. Justice Brewer, said:

"The constitution forbids the alienation without the joint consent of husband and wife. It does not add, 'providing that both are residents of the State;' but the prohibition against separate alienation is absolute, when the relation of husband and wife exists. Whether any exception to this absolute prohibition were wise, it is not for us to inquire. The legislature has not attempted to make any," etc.

In Wisconsin the statute provides that mortgage or other alienation of the homestead by the owner thereof, if a married man, shall not be valid without the signature of the wife. The Wisconsin court in Herron v. Knapp Co., *supra*, said:

"The statute is plain and explicit that the mortgage shall not be valid without the signature of the wife to the same. We are not at liberty to refine upon the language and destroy the effect of the provision by construction.  *  *  *  The meaning and proper effect of the language used leave no room for doubt as to the intention of the legislature.  *  *  *  Were we to say the husband could execute a valid mortgage on the homestead, without his wife's signature, because she was living apart from him, we should create an exception where the legislature has made none."

We are of opinion that if it had been the intention of the legislators to make an exception to the operation of this act when husband and wife were not living together, they would have expressed such intention in the act; and, they having failed to do so, we can not do it for them.

This record establishes, without conflict, that appellant, who alone executed this mortgage, is a married woman, that her husband was living at the time of such execution, and that the goods mortgaged are household goods within the meaning of the act. Therefore the mortgage is invalid.

The decree is reversed.