ALEXANDER ET AL. v. VENNUM.

1. **Homestead**: ABANDONMENT: JUDGMENT LIEN. Where A. obtained judgment against M., who owned a homestead, but who afterwards with his wife conveyed the homestead to defendant, and then removed to Nebraska; but the wife at the time of such conveyance was insane; *held* that, the conveyance of the homestead being void on account of the wife's insanity, and the homestead having been abandoned by M and wife, the judgment attached as a lien thereon, and a deed made to A., pursuant to a sale on execution on said judgment, vested the title in A., and his heirs, the plaintiffs, were entitled to recover the same from defendant.

*Appeal from Cass Circuit Court.*

FRIDAY, JUNE 8.

THIS is an action in equity to quiet title to forty acres of land. The court dismissed the plaintiffs' petition, and

quieted the defendant's title to the land in controversy. The plaintiffs appeal. The facts appear in the opinion.

*Temple & Phelps*, for appellants.

*L. L. Delano* and *John W. Scott*, for appellees.

·DAY, CH. J.—On the fourteenth day of March, 1871, S. Franklin purchased of the C., R. I. & P. R'y Co. the land in controversy, and executed to said company a mortgage to secure deferred payments amounting to $200. In January, 1874, S. Franklin sold said land to James McKean, and executed to him a bond for a deed, he assuming the payment of the mortgage to the C., R. I. & P. R'y Co. On the twenty-eighth day of April, 1876, L. L. Alexander, now deceased, the ancestor of the plaintiffs, recovered a judgment in a justice's court against James McKean, for $59.35 and costs, and on the twenty-fifth day of May, 1876, caused a transcript of said judgment to be filed in the office of the clerk of the circuit court. In February, 1877, S. Franklin and wife deeded the property in controversy to James McKean. James McKean and his wife went upon the premises and occupied them as their homestead until the fore part of the summer of 1878, when James McKean went with his wife to Indiana to procure medical treatment, and to make an extended visit amongst friends and relatives. Whilst there, Mrs. McKean proved to be insane, and was sent to the insane asylum. During the absence of McKean and wife from the homestead, their son remained on the premises and took care of the farm implements, and their household goods remained in the house upon the premises. In February, 1879, James McKean returned to the farm, but not with the intention of residing in Iowa, his intention then being to live in Nebraska. On the tenth day of May, 1879, James McKean and wife conveyed the premises to the defendant, E. C. Vennum, he at the time having actual knowledge of the plaintiff's claim, and saying that he would

fight it, and that he did not believe they could collect it   At the time of this conveyance, the wife of James McKean was temporarily absent from the insane asylum, but was actually insane.   She died in the asylum on the twentieth day of September, 1879.   On the twentieth day of June, 1879, the C., R. I. & P. R'y Co. sold and transferred to the defendant the notes and mortgage of S. Franklin, before referred to. A short time after the conveyance to the defendant, James McKean went to Nebraska, and he has resided there ever since.   In October, 1879, execution issued upon the Alexander judgment, and was levied upon the property in controversy, and on the seventeenth day of November, 1879, it was sold to L. L. Alexander for $105.34, and on the twenty-eighth day of December, 1880, a sheriff's deed was executed to the plaintiffs, pursuant to said sale.

We need not determine whether there was an abandonment of the homestead prior to the sale to the defendant.   At the time of the sale and conveyance to the defendant, the wife of James McKean was insane.   She could not, therefore, have concurred in the conveyance, and it was void.   Miller's Code, section 1990, and cases cited in note.   It appears pretty clearly from the evidence, we think, that before the sale of the premises to L. L. Alexander under execution, McKean abandoned the premises and went to Nebraska. Upon this abandonment, the conveyance to the defendant being void, the lien of the judgment of L. L. Alexander attached, and the sheriff's deed to his heirs, the plaintiffs, conveyed the title.   It follows that the court erred in quieting the defendant's title to the premises.

The defendant is entitled to a foreclosure of the Franklin mortgage, which he holds by assignment from the C., R. I. & P. R'y Co.   The cause will be remanded to the court below for ascertainment of the amount due upon this mortgage, and the foreclosure of it.

REVERSED.