Bruner v. Bateman et al.

BRUNER v. BATEMAN ET AL.

HEATH v. BRUNER ET AL.

1. Homestead: MORTGAGE OF: NON-JOINDER OF WIFE: MORTGAGE NOT VALIDATED BY SUBSEQUENT ABANDONMENT. A mortgage of a homestead by the husband is of no validity, unless the wife concur in and sign the same joint instrument; and such a mortgage is not validated by the subsequent abandonment of the homestead.

*Appeal from Audubon Circuit Court.*

WEDNESDAY, JUNE 10.

THESE two appeals involve the same question, and may be determined as one case. The question is whether a certain

mortgage, executed by C. P. Bateman to Harrison Bruner, is of any validity. The circuit court held that the mortgage was invalid, and Bruner appeals.

*Andrews, Stotts & Myers*, for appellant.

*Griggs, Brainard & Griggs*, for Heath, appellee.

*Hanna & Matthews*, for Counrardy, appellee.

ROTHROCK, J.—The defendant Bateman was the owner of a homestead, upon which he, with his wife and family, resided. While in occupancy of the homestead, Bateman executed a mortgage thereon to Harrison Bruner. Bateman's wife did not join in the mortgage. Afterwards, Bateman and his wife abandoned their homestead, and, after the abandonment, they joined in two mortgages of the property to the defendants Counrardy and Heath, respectively.

It is provided by section 1990 of the Code, in reference to homesteads, that " a conveyance or incumbrance by the owner is of no validity unless the husband and wife, if the owner is married, concur in and sign the same joint instrument." The question is, did Bruner's mortgage become valid by the subsequent abandonment of the homestead? We think not. By the very terms of the statute, the mortgagee acquired no right by reason of the mortgage. It is true that, when both husband and wife join in the same conveyance of the homestead, and the conveyance is void by reason of defects therein, such conveyance may afterwards be ratified by the acts and conduct of the parties. *Spafford v. Warren*, 47 Iowa, 47. But in this case there was no joinder of the husband and wife in the mortgage; and, even if it should be held that the wife could ratify a mortgage which she never executed, there is no evidence that the wife in this case ratified the act of her husband in executing the mortgage. See *Alexander v. Vennum*, 61 Iowa, 160.

AFFIRMED.