| 76 | 567 |
| 79 | 281 |
| 76 | 567 |
| 85 | 543 |
| 76 | 567 |
| 103 | 269 |
| 76 | 567 |
| 124 | 288 |

## BELDEN v. YOUNGER *et al.*

1. **Judgment: LIEN : HOMESTEAD : FRAUDULENT CONVEYANCE.** H. owned a tract of land under a contract for a deed, which he afterwards assigned to his wife, and the land became their homestead. After the assignment a judgment was rendered against H., and at a later date a judgment was rendered against his wife, upon garnishment, for the same debt. *Held—*

   (1) That, as the assignment of the contract by H. to his wife purported to be for a valuable consideration, and as he does not appear to have been insolvent at the time, and as there is no proof that the assignment was made to delay or defraud creditors, the land could not be subjected to the judgment against H.

   (2) That the land could not be subjected to the judgment against the wife, because it was the homestead when that judgment was rendered, and when it was conveyed to defendant.

2.  ——— :  ——— :  ——— :  VOID CONVEYANCE : ABANDONMENT. There
was a judgment against the wife, who was the owner of the home-
stead. She conveyed the homestead by assigning her contract of
purchase, under which she held it, but her husband did not join in
the assignment ; but they abandoned the homestead to the assignee.
*Held* that the assignment was void (Code, sec. 1990), and that the
judgment became a lien on the property. (See opinion for cases
cited.)

*Appeal from Guthrie District Court.* —HON. O. B.
AYERS, Judge.

FILED, JANUARY 21, 1889.

ACTION to enforce judgments at law against certain
lands. After a trial on the merits a decree was entered
dismissing plaintiff's petition. He now appeals to this
court.

*H. E. Long*, for appellant.

*E. R. Sayles*, for appellee Younger.

BECK, J.—I. The facts of the case, either undis-
puted or established by the proof, are as follows :
December 6, 1879, a judgment was rendered
against C. B. Hann upon a promissory note
executed March 15, 1877. The action was
commenced November 12, 1879. November
21, 1879, Hann purchased a forty-acre tract of land, and
received from the seller a contract for a deed, which on
the fourth day of December, 1879, he assigned to his
wife, Charlotte. About that date, or a little afterwards,
Hann and his wife went into the occupancy of the
premises as a homestead, and continued therein until
January 12, 1882, when they united in an assignment of
the contract to defendant Younger. October 4, 1881, a
judgment was rendered against Charlotte in a garnish-
ment proceeding commenced July 20, 1880, under the
judgment against her husband. July 21, 1881, she pur-
chased from the person who sold the land to her husband
another forty-acre tract, and took a contract for a deed
therefor. The first payment for the land was made from
money received for the sale of the other tract to defendant
Younger. The tract last purchased was occupied as a
homestead, beginning some time after its purchase, until

*1. JUDGMENT:
lien : home-
stead : fraud-
ulent convey-
ance.*

1884, when Charlotte, her husband not joining, assigned the contract to defendant Sayles, and she, with her husband and family, removed from the state. Plaintiff in this action seeks to subject both of the tracts of land to the judgment against the husband and wife, respectively.

II. We will first consider the case so far as it applies to the tract of land in which Younger claims an interest under the assignment to him. It will be observed that the assignment of the contract made by the husband to the wife was before the judgments were rendered, and the land was occupied as a homestead at the time the garnishment proceeding was commenced against the wife. It is not shown that the assignment by the husband to the wife was without consideration. The assignment purports to be for a valuable consideration, and there is nothing to overcome the presumption of law arising thereon. It is not shown that at the time of the assignment the husband was insolvent, and that the judgment against him could not have been made from his property. It is true that soon after the assignment an execution was returned *nulla bona*, and still another or others afterwards. But it cannot be presumed therefrom that the husband was insolvent when the assignment was made. There is no evidence to support the conclusion that the assignment was made to defeat the husband's creditors. As it is to be presumed to have been made upon a sufficient consideration, and neither fraud of the parties nor insolvency of the husband shown, the land cannot be held subject to plaintiff's judgment against the husband. When the garnishment proceedings were instituted against the wife the land was occupied by Hann and his wife as a homestead. It is not, therefore, subject to the judgment against her.

III. We will now consider the case as it applies to the land last acquired by the wife, and which was attempted to be transferred to Sayles by the assignment of the contract by the wife alone. The land constituted the homestead

2. ——:——: ——: void conveyance: abandonment.

of the husband and wife, and their title thereto rested upon the contract with the wife. She attempted to convey the land by her individual act, by assigning the contract to Sayles. But the conveyance by the wife alone was of no validity. The title or interest in the land held by the wife was not transferred, but remained in her. She and her husband abandoned the occupancy of the premises as a homestead, and it became liable for her debts. The abandonment did not validate her transfer of the property without the concurrence of the husband. It is therefore void, and the land is subject to the plaintiff's judgment. See Code, sec. 1990 ; *Lunt v. Neeley*, 67 Iowa, 97 ; *Stinson v. Richardson*, 44 Iowa, 373 ; *Bruner v. Bateman*, 66 Iowa, 488 ; *Cowgell v. Warrington*, 66 Iowa, 666 ; *Alexander v. Vennum*, 61 Iowa, 160 ; *Donner v. Redenbaugh*, 61 Iowa, 269 ; *Barnett v. Mendenhall*, 42 Iowa, 296 ; *Clark v. Evarts*, 46 Iowa, 250.

We reach the conclusion that plaintiff's judgment against the wife, Charlotte, ought to be enforced against the lands last acquired by the parties, and which were by the assignment of the contract attempted to be transferred to defendant Sayles. The decree of the district court will be so modified as to dismiss the petition as to Younger, and to grant the relief prayed for as against Sayles and the land claimed by him. The costs will be paid equally by plaintiff and defendant Sayles.

MODIFIED AND AFFIRMED.