MARIA BRADFORD V. THE CENTRAL KANSAS LOAN AND TRUST COMPANY.

1. DEATH OF PARTY—*Revivor of Action.*   The statute provides that an order to revive an action upon the death of either the plaintiff or defendant cannot be made after the expiration of one year without the consent of the opposite party.

2. HOMESTEAD — *Abandonment* — *Finding Sustained.*   The evidence in the case examined, and *held* to be sufficient to sustain the finding of the trial court, that the land in controversy had been abandoned by both the husband and the wife as a homestead prior to the giving of the mortgage thereon executed by the husband alone.

*Error from  Graham  District  Court.*

. THE opinion contains a sufficient statement of the facts.

*Z. C. Tritt,* and *G. W. Jones,* for plaintiff in error.

*H. G. Laing,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: On the first day of April, 1887, Clay Bradford, the husband of Maria Bradford, the plaintiff, was the owner of the southeast quarter of section 19, in township 7 south, range 20 west, in Graham county, in this state.  Upon that day Clay Bradford executed and delivered to the Central Kansas Loan and Trust Company, of Russell, Kansas, a mortgage on the land for $600.   This mortgage was filed for record in the office of the register of deeds for Graham county on the 5th day of April, 1887.   Maria Bradford, the wife of Clay Bradford, did not sign the mortgage, and on the 29th day of August, 1887, brought her action against the Central Kansas Loan and Trust Company and Clay Bradford to have the mortgage declared null and void, upon the ground that the land at the date thereof was occupied as a residence by the family of Clay Bradford, and that the property had never been mortgaged with the joint consent of husband and wife.   Subsequently, the loan and trust company filed its answer, denying that Clay or Maria Bradford, at the date of the mortgage, occupied the land as a residence, and also denying that at such date the land was the homestead of Clay Bradford or his family. Trial had before the court without a jury.   The court made a general finding in favor of the loan and trust company, and rendered a judgment for costs against the plaintiff, Maria Bradford.   She excepted, and brings the case here.

After the petition in error was filed in this court, on June 18, 1889, Mrs. Bradford died.   After her death, her mother, Mrs. Nancy Dawson, was appointed administratrix.   On the 18th day of March, 1891, Mrs. Dawson was removed as administratrix, and George F. Clark was appointed administrator in her place.   At the late December session of this court, application was made to revive the proceeding brought by plaintiff in error in the name of George F. Clark, as administrator.   It is not shown by any affidavit, or otherwise, when Mrs. Bradford died.   Therefore, it does not appear affirmatively that the motion to revive has been made within a year,

as required by §§ 433 and 434 of the civil code. The defendant has not filed any consent for a revivor. The statute provides that an order to revive an action upon the death of either the plaintiff or defendant cannot be made after the expiration of one year, without the consent of the opposite party. (*Angell v. Martin,* 24 Kas. 334; *Railroad Co. v. Andrews,* 34 id. 563; *Mawhinney v. Doane,* 40 id. 681; *Tibbetts v. Deck,* 41 id. 492.) Under the statute and the decisions of this court, upon the showing made there can be no revivor; and therefore the proceeding in error must be dismissed. (Gen. Stat. of 1889, ¶¶ 4530, 4531; *Green v. McMurtry,* 20 Kas. 189; *Scroggs v. Tutt,* 23 id. 181; *Halsey v. Van Vliet,* 27 id. 474; *Myers v. Kothman,* 29 id. 19; *Tefft v. Citizens' Bank,* 36 id. 457.)

We have fully examined the record, however, and if the motion to revive were in time, we do not perceive any sufficient ground upon which to rest the reversal of the judgment of the trial court. There was evidence before the court below tending to prove that Clay Bradford made a homestead entry upon the land described in the mortgage in April, 1879; that he occupied the land with his wife as a residence from 1879 to some time in 1882; that he proved up on his land in 1884 or 1885; that Mrs. Bradford left Graham county in June, 1883, going to Nebraska; that she remained there one year and then went to Wichita, in this state; that after being at Wichita a year, she went to Kingman; that she was at Kingman until her return to Graham county in 1886; that after she left Graham county, in June, 1883, she did not cohabit with her husband any more; that when she returned to Graham county in 1886 she had three children — two of them were illegitimate — and soon after was pregnant again by some person other than her husband; that Clay Bradford left his homestead in 1882 and went to Ellis, in this state; that his wife, Maria Bradford, did not attempt to occupy the land in controversy after 1883 until in August, 1887, after the date of the mortgage, when she put in the house a bed and stove; that the house upon the land, from the 1st of March, 1887, until late in April of that year, was used as a granary; that after-

ward, for about three months, it was used for a school; that on the 3d day of May, 1887, Clay Bradford leased the property to Hiram Travis and John Neal; that there was not anything in the house from March, 1887, to April of that year but grain, and that during the last of April a district school was opened in the house. It further appears from the evidence, that in November, 1887, Clay and Maria Bradford conveyed by deed the land to W. R. Hill or J. P. Pomeroy for $300. Whether this deed was a warranty or a quitclaim we cannot ascertain.

The court made a general finding for the defendant below, and therefore must have found, in order to render the judgment which it did, that both Clay Bradford and his wife, Maria Bradford, abandoned the land in dispute as a homestead prior to the 1st day of April, 1887. While the evidence is conflicting, we cannot say that there is no evidence whatever to support the finding. The conduct of Mrs. Bradford after she left her husband indicates clearly that she had no intention of returning to her husband or to the land in Graham county until she heard of the execution of the mortgage. Some of the evidence tends to show that Clay Bradford had not wholly abandoned the land as his homestead; but he did not live upon it after 1882, and we cannot say, as against the finding of the trial court, that there is not sufficient evidence tending to show his abandonment of the land as a homestead. Under the constitution, there must be occupancy as a residence by some one of the family of the owner to constitute a homestead. (*Farlin v. Sook*, 26 Kas. 397; *Koons v. Rittenhause*, 28 id. 359.)

The judgment of the district court will be affirmed.

All the Justices concurring.