GEO. W. WHITLOCK, APPELLEE, V. WILLIAM GOSSON ET AL., APPELLANTS.

[FILED DECEMBER 16, 1892.]

1. **Homestead: MORTGAGE.** A mortgage of the homestead of married persons in this state is of no validity·as against the homestead right unless signed and acknowledged by both husband and wife.

2. ———: INSANE WIFE: VALIDITY OF MORTGAGE EXECUTED BY
HUSBAND. G., the head of a family consisting of himself and
three children, but having an insane wife in another state,
mortgaged the family homestead, which was exempt under the
laws of this state. *Held,* That the mortgage is void as to the
homestead right.

3. ———: ———: ———: FORECLOSURE: ESTOPPEL. The mort-
gage in such case being void for want of power to incumber the
homestead, neither the husband nor wife will be thereby estopped
to deny its validity in a foreclosure proceeding by the mort-
gagee.

4. ———: MORTGAGE: FORECLOSURE. Where the answer in an
action of foreclosure puts in issue the validity of the mortgage
on the ground that the property in question is exempt as a home-
stead, and the defendants, husband and wife, did not join in its
execution, a decree will not be allowed for the sale of so much
of the homestead as exceeds $2,000 in value, unless the value of
the property is alleged by the plaintiff or put in issue by proper
pleadings.

APPEAL from the district court for Madison county.
Heard below before POWERS, J.

*Allen, Robinson & Reed,* for appellants:

Mortgages or conveyances of the homestead without the
signature and acknowledgment of both husband and wife
are void. (*Swift v. Dewey,* 20 Neb., 107; *Larson v. Butts,*
22 Id., 370; *Betts v. Sims,* 25 Id., 166; *Aultman v. Jen-
kins,* 19 Id., 209; *McCreery v. Schaffer,* 26 Id., 173; *Stin-
son v. Richardson,* 44 Ia., 375; *Howell v. M'Crie,* 14 Pac.
Rep. [Kan.], 260.) A deed or mortgage made in violation
of statute, or with reference to a prohibited transaction, is
void and will not work an estoppel. (*Mason v. Mason,*
140 Mass., 63; *James v. Wilder,* 25 Minn., 305; *Shevlin
v. Whelen,* 41 Wis., 88; *Dunlap v. Thomas,* 28 N. W.
Rep. [Ia.], 638; *Merriam v. Boston,* 117 Mass., 241.) The
mortgage in this case being in violation of statute is void,
and does not estop either Gosson or his wife to deny its
validity in a foreclosure proceeding. (*Hall v. Loomis,* 30 N.

W. Rep. [Mich.], 374; *Myrick v. Bill*, 37 Id. [Dak.], 369; *Conway v. Elgin*, 38 Id. [Minn.], 370; *McClure v. Braniff*, 39 Id. [Ia.], 171; *Herron v. Knapp*, 40 Id. [Wis.], 149; *Bank v. Dickinson*, 10 S. E. Rep. [Ga.], 446; *Timothy v. Chambers*, 11 Id. [Ga.], 598; *Franklin Land Co. v. Wea Gas, Coal & Oil Co.*, 23 Pac. Rep. [Kan.], 630.) The domicile of the wife follows that of the husband. (Jacobs, Domicile, sec. 214; *Republic v. Young*, Dallam [Tex.], 464; *Russell v. Randolph*, 11 Tex., 460; *Lacey v. Clements*, 36 Id., 661; *Johnston v. Turner*, 29 Ark., 280; *Burlen v. Shannon*, 115 Mass., 438.) The fact that the wife does not live with her husband on the homestead does not destroy her homestead interest in the premises. (*Larson v. Butts*, 22 Neb., 370; *Herron v. Knapp*, 40 N. W. Rep. [Wis.], 149; *Sherrid v. Southwick*, 5 N. W. Rep. [Mich.], 1027; Schouler, Dom. Rel., 54; Story's Conflict of Law, 40, 41; 9 Am. & Eng. Ency. Law, p. 812, sec. 4.)

*Barnes & Tyler, contra.*

Post, J.

There is in this case one question which, according to our conclusion, is decisive of the controversy, viz., the effect of a mortgage by a husband, the head of a family, upon the homestead in this state, having at the time an insane wife in another state. From the pleadings and proofs it appears that the defendant William Gosson, with his three children, removed from Illinois to this state in the year 1879, and has ever since resided upon and occupied the premises in controversy as a homestead, his family in this state consisting of his three children, whose ages do not appear, and a housekeeper. At the time of his removal to this state the defendant had a wife, Margaret Gosson, who was and still is insane and an inmate of an asylum for the insane in the state of Illinois, and who is still the wife of said defendant. It further appears that said Margaret Gos-

son has never resided upon the premises and never acquired an actual residence in this state. It has been repeatedly held by this court that mortgages or conveyances of the homestead are void unless signed and acknowledged by both husband and wife. (*Aultman v. Jenkins,* 19 Neb. 209; *Swift v. Dewey,* 20 Id., 107; *Larson v. Butts,* 22 Id., 370; *Betts v. Sims,* 25 Id., 166; *McCreery v. Schaffer,* 26 Id., 175.) The rule is also well settled by the decisions of this and other courts, that a wife who is living separate and apart from her husband will not from that fact alone be held to have abandoned or forfeited her interest in the homestead. (*Larson v. Butts, supra; Herron v. Knapp,* 72 Wis., 553; *Castlebury v. Maynard,* 95 N. Car., 281.) The pertinent inquiry, therefore, is, whether the rule stated applies to the case under consideration. We are clearly of the opinion that it does, both upon reason and authority. The authorities are not harmonious on the question of the rights of a wife with respect to the homestead after a voluntary abandonment of the family without cause, although the decisions under statutes similar to ours are uniform to the effect that the mere absence of the wife from the state, through no fault of her own, will not be construed as an abandonment of the homestead so as to authorize a conveyance or incumbrance thereof by the husband alone. (*Chambers v. Cox,* 23 Kan., 393; *Ott v. Sprague,* 27 Id., 620; *Alexander v. Vennum,* 61 Ia., 160; *Sherrid v. Southwick,* 43 Mich., 515.)

In *Alexander v. Vennum,* A. recovered judgment against M., the owner of a homestead in Iowa. The latter conveyed to V., the defendant, his insane wife joining in the execution and acknowledgment of the deed, and immediately thereafter abandoned the property as a homestead. It was held that the conveyance by M. was void, on account of the insanity of his wife, and that a sheriff's deed to A. in pursuance of an execution sale to satisfy the judgment in his favor passed the title to the property.

The statutory provision for the conveyance or incum-

brance of the homestead is exclusive.    The language is, "The homestead of a married person cannot be conveyed or incumbered unless the instrument by which it is conveyed or incumbered is executed and acknowledged by both husband and wife."    Here is a plain prohibition against the incumbrance of the homestead without the joint act of both husband and wife.    It contains no exception with respect to an absent or insane husband or wife.    Had Mrs. Gosson, defendant's wife, been in fact a resident of this state and her domicile the premises in controversy, it is plain that she would have been incapable of relinquishing her homestead right, and a mortgage executed by her would have been ineffectual for the purpose of creating a lien thereon.    And it requires no argument to prove that on account of her absence from the state she could accomplish by indirection that which she was incapable of doing by her voluntary act.

2. It is contended, however, that the defendant William Gosson is now estopped to claim the property as a homestead by reason of having represented himself to be a single man.    He is in the mortgage described as a single man, and it is alleged that the credit represented by the mortgage was given on the faith of his statement to that effect.    Defendant on the other hand denies that he ever represented to plaintiff that he was a single man and alleges that the latter accepted the mortgage with full knowledge of all the facts.    The evidence upon that issue is conflicting and does not call for an examination here.    Estoppel will not supply the want of power, or make valid an act prohibited by express provisions of law.    The statute in effect declares a conveyance or incumbrance of the family homestead by the husband alone void not only as to the wife, but also as to the husband himself.    Therefore neither is estopped from asserting the homestead right as against the grantee or mortgagee.    Such is the view sanctioned by the clear weight of authority and supported by the soundest reasoning. (*Connor v. McMurray*, 2 Allen [Mass.], 202; *Barton*

56

*v. Drake,* 21 Minn., 299; *Alt v. Banholzer,* 39 Id., 511; *Crim v. Nelms,* 78 Ala., 604; *Morris v. Ward,* 5 Kan., 239; *Ayers v. Probasco,* 14 Id., 190; *Hait v. Houle,* 19 Wis., 475; *Bruner v. Bateman,* 66 Ia., 488; *Dye v. Mann,* 10 Mich., 291; *Sears v. Dixon,* 33 Cal., 326; *Green v. Marks,* 25 Ill., 221; Thompson on Homesteads and Exemptions, 474; Smith on Homesteads and Exemptions.) To hold that such a conveyance could be enforced as against the husband while void as to the wife and children, would be not only absurd in the extreme, but would be a flagrant usurpation of legislative powers.

3. The decree of foreclosure is defended by counsel for appellee on the ground that the property in question exceeds $2,000 in value, and that the mortgage is valid as to the excess over and above that amount. The value of the homestead is, we think, under the issues in this case wholly immaterial. It is not doubted that in a proper proceeding the homestead property in excess of the statutory limit may be subjected to the satisfaction of a mortgage by the husband. But if such relief is sought it should be by pleadings which put in issue the value of the homestead. The case of *Swift v. Dewey,* 20 Neb., 107, was in a proceeding in the nature of a creditor's bill and is therefore not in point. (See *Black v. Lusk,* 69 Ill., 74; Thompson on Homesteads and Exemptions, 481.) We think, however, that the claim of appellee with respect to the value of the property is not sustained by the evidence in the record. The present value of the homestead, according to the preponderance of the evidence, is between $1,800 and $2,000, certainly not to exceed the amount last named. The decree of foreclosure will be reversed and the cause remanded to the district court with directions to enter judgment for the plaintiff for the amount of the notes introduced in evidence.

JUDGMENT ACCORDINGLY.

THE other judges concur.