# Thompson v. New England Mortgage Security Co.

*Statutory Action of Ejectment.*

1. *Conveyance of homestead.*—In order to convey the homestead, there must be a strict compliance with the statutory mode of alienation; and if the occupant be a married man, the voluntary signature and acknowledgment of the wife, evidenced in the manner prescribed by statute, are essential, unless the conveyance be made to her.

2. *Insanity of wife does not affect homestead rights.*—The insanity of the wife does not dissolve the bonds of marriage, nor withdraw her or her family from the beneficent purpose of the homestead laws, which is to protect her, and through her, the family in the enjoyment of a dwelling place.

3. *Conveyance of homestead; insanity of wife does not validate alienation by husband alone; such conveyance void.*—The insanity of the wife does not render valid the alienation of a homestead by the husband alone; and where the wife, at the time of joining with her husband in the conveyance of their homestead, was insane, such instrument of conveyance is void.

4. *Same; conclusiveness of certificate of wife acknowledgment; insanity of wife at time of executing conveyance can be shown.*—The certificate of acknowledgment of the execution of a deed of conveyance is conclusive only of such facts as the officer is required by statute to certify; and an officer authorized to take a wife's acknowledgment of her execution of the conveyance of the homestead, not being required to certify as to her mental condition or capacity to give her voluntary assent to such conveyance, his certificate of her acknowledgment before him is not conclusive of her capacity to assent to the

[Thompson v. New England Mortgage Security Co.]

alienation; and evidence *aliunde* may be offered to prove that the wife was insane when she signed the deed of conveyance and acknowledged the same, and that she was, therefore. incapable of giving her voluntary assent to the alienation of the homestead.

APPEAL from the Circuit Court of Marshall.

Tried before the Hon. J. A. BILBRO.

This was a statutory action of ejectment, brought by the appellee, the New England Mortgage Security Company, against the appellant, David Thompson, to recover certain lands specifically described in the complaint. Issue was joined upon the plea of the general issue.

For a proper understanding of the decision of the case on the present appeal, the facts are sufficiently stated in the opinion. Upon the hearing of all the evidence, the court at the request of the plaintiff gave the general affirmative charge in its behalf, and to the giving of this charge the defendant duly excepted.

There was judgment for the plaintiff. The defendant appeals, and assigns as error the rulings of the court in excluding the evidence offered by the defendant, tending to show that at the time of the execution of the mortgage, and of the making of the acknowledgment thereto. his wife was totally insane.

O. D. STREET, for appellant.—1. The constitution of the State requires that "a mortgage or other alienation of the homestead by the owner thereof, if a married man, shall not be valid without the voluntary signature and assent of the wife to the same." The language of the statute (Code, § 2508) is substantially the same. Const. of Ala. Art. X, § 2; Code, § 2508.

2. This "voluntary signature and assent" means a signature and assent given "in obedience to the will", and implies "volition", the power of "willing" or "choosing." Worcester's Dictionary. "Voluntary," "Volition." It is exactly this : "a voluntary signature or assent," which all the authorities hold an insane person cannot give. They cannot exercise volition, and can, therefore, in law perform no act which requires volition. The conclusion from these premises is irresistible that an insane wife can no more give the necessary voluntary assent to the conveyance of the homestead, than she can give the necessary voluntary assent to any other con-

tract.—*In re Carmichael*, 36 Ala. 514; *Stubbs v. Houston*, 33 Ala. 555.

3. Without this "voluntary signature and assent" the constitution and the statute pronounces the conveyance of the homestead "invalid." A long line of decisions of this court commencing with *Miller v. Marx*, 55 Ala. 322, construing this provision of the constitution and statute, have declared all such conveyances as absolutely *void* for all purposes.—*Alford v. Lehman*, 76 Ala. 526; *Striplin v. Cooper*, 80 Ala. 256; *Smith v. Pearce*, 85 Ala. 264; *Richardson v. Woodstock Iron Co.*, 90 Ala. 266.

4. It only remains to consider whether it is permissible to prove the insanity of the wife for the purpose of showing the absence of this voluntary signature and assent, when the wife actually appeared before a proper officer and acknowledged the conveyance which was by him then and there certified in due form. The rule on this point is that when the grantor appears before the officer and makes an acknowledgment of the execution of the instrument, which is duly certified by the officer to have been in conformity to the law, the certificate is conclusive of the truth of all the facts therein certified, and which the officer was by law authorized to certify, and the parties will not be allowed to impeach the truth of the facts which the officer is required by law to certify, and does certify, in the absence of fraud or duress in which the grantor participated.—*Grider v. Mortgage Co.*, 99 Ala. 284-5.

5. It will be observed that this conclusiveness pertains only to the facts which the officer is required by law to certify and does certify. Now the law requires the officer to certify, and, in this case he has certified, "that the wife being examined separate and apart from the husband touching her signature to the within conveyance, acknowledged that she signed the same of her own free will and accord and without fear, constraint, or threats on the part of the husband." It would be incompetent to show that she was not "examined separate and apart from the husband," or that she did not in fact "acknowledge that she signed the same of her own free will and accord," &c. The officer is required to certify and does certify only to the facts of her privy examination, and her acknowledgment. He is not requir-

ed to certify and does not certify to her mental soundness, or unsoundness. Her sanity or insanity is a matter with which he, or his certificate, has nothing whatever to do. He certifies that she acknowledged so and so. That she did so acknowledge is not impeachable; but that she had the mental power to make any acknowledgment in law is another question. The acknowledgment or admission of a totally insane person can be evidence of nothing, and much less could the implied admission of sanity on the part of an insane person be evidence of sanity. There is no logical conclusion other than that the execution of a conveyance of the homestead by an insane wife is a mere nullity, and that her acknowledgment that she signed it of her own free will &c., is likewise a nullity.

JAMES E. WEBB and CALDWELL BRADSHAW, contra.—1. If it be conceded that the plea of the general issue to an action of ejectment, based upon a deed from the defendant, did put in issue the sanity of the grantor's wife, such deed was not void, but voidable.—11 Amer. & Eng. Encyc. of Law, 146, and cases cited in note 1; Arnold v. Richmond Iron Works, 1 Gray (Mass.) 434; Crawford v. Scovell, 94 Pa. St. 48; Burnham v. Kidwell, 113 Ill. 425; Medical. College v. Wilkinson, 108 Ind. 314; Riggan v. Green, 80 N. C. 236. If only voidable, it could not be avoided in this collateral proceeding. In the case of Medical College v. Wilkinson, 108 Ind. 314, it was held that a contract honestly made, with a person of unsound mind, but who had not been so judicially declared, and in ignorance of such mental capacity and a fair consideration paid to him for his use and benefit, there can be no rescission without an offer to restore the consideration.

2. The notary public who took and certified the acknowledgment of the wife acted judicially, and the certificate being free from imperfection on its face, is conclusive evidence of all the facts recited, if in fact, she actually appeared before the officer.—Edinburgh Mortgage Co. v. Peoples, 102 Ala. 241; Grider v. Mortgage Co., 99 Ala. 281; Shelton v. Altman & Taylor, 82 Ala. 315.

3. If the wife was insane, then to convey the homestead did not require her signature or assent. Section 2508 of the Code has no application to such a case. If insane, she was civiliter mortuus.

4. To invalidate a mortgage on the ground of the insanity of the mortgagor, the burden is upon the defendant to show it; and he must show not merely incapacity to make a valid contract at the date of its execution, but that the mortgagee knew and took advantage of the grantor's state of mind; otherwise, the consideration being paid, the security will be held good for the amount, although the insanity of the grantor be admitted or proved.—Jones on Mortgages, § 1510. There was no offer to repay money loaned or to prove that grantee had any notice.—Clarke on Contracts, 270; *Molton v. Camroux*, 2 Well. Hurl. & G. Ex. Rep. 489; *Eaton v. Eaton*, 37 N. J. L. 108; *Bank v. Moore*, 78 Pa. St. 407; *Mutual Life Ins. Co. v. Hunt*, 79 N. Y. 541; *Boyer v. Berryman*, 123 Ind. 451; *Lincoln v. Buckmaster*, 32 Vt. 652; *Schaps v. Lehner*, 55 N. W. Rep. 911; *Abbott v. Creal*, 56 Iowa 175; *Behrens v. McKenzie*, 23 Iowa 333; *Refining Co. v. McMahan,* 38 N. J. L. 536; *Burnham v. Kidwell*, 113 Ill. 425; *Fay v. Burditt*, 81 Ind. 433; *Elston v. Jasper*, 45 Texas 413; *Pearson v. Cox*, 71 Tex. 246; *Riggan v. Green* 80 N. C. 236; Bishop on Contracts, §§ 611, 679.

5. From the foregoing authorities it follows that before the conveyance could be avoided, the defendant was bound to plead that the mortgagee knew of the insanity of the grantor's wife, and also offered to return the borrowed money; and this is true whether the action be either in law or equity.

HEAD, J. The action is statutory ejectment to recover possession of land. The plaintiff in the court below offered in evidence a mortgage executed by the defendant, proved default therein, and a regular foreclosure, at which it became the purchaser, and rested. The mortgage showed that the wife joined in the conveyance; her name appeared to be signed thereto, and the certificates of acknowledgement in the common form and of the separate examination of the wife were appended in strict compliance with the statute. The defendant proved, that the property sued for constituted his homestead at the time of the execution of the mortgage, and that it was within the statutory limit, in area and value. The sole defense, which defendant sought to make, consisted in his offer to show that at the time his wife signed the mortgage, and when she acknowledged it separately and

apart from him, she was totally insane, and that she had no idea or understanding whatever of the nature, character or consequences of the act she was performing. The court, upon plaintiff's objection, refused to permit him to make this line of defense, and we have only to decide whether this ruling was correct, the appeal being prosecuted from a judgment, based upon a verdict in favor of the plaintiff after the affirmative charge had been given in its favor.

It requires no argument to prove that an insane wife is incapable of giving her voluntary consent to the alienation of the homestead; and, hence, the question presented for our decision must resolve itself into, and must be determined by the result of, two other inquiries: *First*, whether by reason of the insanity of the wife the husband may alone alienate the homestead; and if not, then, *second*, whether the certificate of the officer who examined her apart from the husband is conclusive of her capacity to assent to the conveyance. These questions have not heretofore been directly presented in this State.

1. The purpose of the statutes in securing an exempt homestead to every resident of the State, and in requiring the wife's voluntary signature and assent to any alienation thereof when belonging to the husband, is to protect the wife, and through her the family, in the enjoyment of a dwelling place.—*Turner v. Bernheimer*, 95 Ala. 241. This court, as well as those in other States having a similar system, has adopted a strict rule on this subject, in accordance with which it is generally held that to convey the homestead there must be a strict compliance with the statutory mode of alienation. In a recent case, where we collected our previous decisions, speaking of a deed which was without the acknowledgment of the wife, we said : "By the repeated decisions of this court, as well as by the terms of the statute itself, such a conveyance is void. It is said of such a deed that it is a nullity to all intents and purposes, and confers no rights present or prospective, is totally insufficient as a muniment of title to support an action of ejectment, and is incapable of passing any estate or interest whatever in the homestead."—*Parks v. Barnett*, 104 Ala. 438 ; *Alt v. Banholzer*, 39 Minn. 511, s. c. 12 Am. St. Rep. 681, and note. The insanity of the wife does not dissolve the

[Thompson v. New England Mortgage Security Co.]

bond of marriage, nor withdraw her or her family from the beneficent purpose of the homestead laws. The statute is plain, unambiguous and admits of no exceptions, which would destroy its obvious design. If the occupant be a married man, the voluntary signature and assent of the wife, evidenced in the manner prescribed, are essential to a valid alienation of the homestead, unless the conveyance be made to her. Efforts have been made to engraft other exceptions, arising out of the supposed necessities of the case, upon similar statutes, but they have uniformly failed. Thus, the fact that the wife is living apart from her husband and even in another State, has been held insufficient to dispense with her signature and assent.—*Johnston v. Turner*, 29 Ark. 280; *Williams v. Swetland*, 10 Iowa 51; *Herron v. Knapp*, 72 Wis. 553; *Bradford v. Cen. Kan. L. &. T. Co.*, 47 Kan. 587; *Ott v. Sprague*, 27 Kan. 620; *Lies v. DeDiabler*, 12 Cal. 327; *Castleberry v. Maynard*, 95 N. C. 281. In a note to *Poole v. Gerrard*, 65 Am. Dec. 481, on p. 488, Mr. Freeman says: "That the wife is living apart from her husband, *or is insane*, will not render his sole conveyance of the premises valid." One of the cases he cites, *Alexander v. Vennum*, 61 Iowa 160, is directly in point upon the question we are considering, and the later case of *Whitlock v. Grosson*, 35 Neb. 829, 53 N. W. Rep. 980, is to the same effect. No cases in conflict with these have been cited, and, after diligent search, we have found none. In the last case referred to, the court, after quoting their statute, which is not essentially different from our own, says: "Here is a plain prohibition against the incumbrance of the homestead without the joint act of both husband and wife. It contains no exception with reference to an absent or insane husband or wife. Had Mrs. Grosson, defendant's wife, been in fact a resident of this State, and her domicile the premises in controversy, it is plain that she would have been incapable of relinquishing her homestead right, and a mortgage executed by her would have been ineffectual for the purpose of creating a lien thereon." In the case of *Alexander v. Vennum*, 61 Iowa, 160, *supra*, the insane wife joined the husband in the execution of the deed. After the conveyance the grantors abandoned the homestead. The court held that as the wife of McKean was insane at the time of the sale and conveyance to the defendant, the

wife could not have concurred therein, and that it was
void. As the result, the premises were declared to be
subject to a judgment lien against the grantor, which
attached to the property, after its abandonment as a
homestead. If the conveyance were void because of the
wife's insanity, the conclusion reached necessarily fol-
lows.—*Smith v. Pearce*, 85 Ala. 264.

In Vol. 11, Am. & Eng. Encyc. of Law, p. 147, there
is a note which states that where a statute provided that
the deed of a married woman, in which her husband
does not join, shall not be valid, and it appears that a
husband while insane joined in a deed with his wife,
such deed was held absolutely void. The case is not cit-
ed by name and we have been unable to find it. The
following extract from the opinion, however, is given,
which we think correctly states the law : "We think
that the learned Judge who presided at the trial correct-
ly ruled that if the defendant's husband was, at the time
he signed the deed, insane, he could give no such assent
as would satisfy the statute. The deed was void to the
same extent as if there had been no assent by the hus-
band, and no subsequent action or failure to act on his
part could give its validity. The cases cited by the ten-
ant to the point, that the deed or another contract of an
insane person is voidable only, and may be ratified by
him after he becomes sane, do not apply to this case.
No subsequent assent or ratification by the husband
could fullfill the requirements of the statute, or give va-
lidity to the deed as the deed of the wife." These re-
marks apply with equal force to the joinder by an insane
wife in the husband's mortgage of the exempt homestead
in this State.

2. It is insisted, however, by the appellee that evi-
dence *aliunde* may not be offered by the husband to
prove the mental incapacity of his wife, and that the
certificate of the officer in statutory form, is not only
the only permissible evidence of the wife's voluntary
assent, but is conclusive evidence of her capacity to
give that assent. We have had occasion in a *series* of
cases to consider the nature and character of the certifi-
cate which an authorized officer makes of acknowledg-
ments of deeds, when the parties appear before him and
come within his jurisdiction, for that purpose. We have
held that a justice of the peace of one county may not

go into another and take acknowledgment and make a certificate thereof, and that proof might be made to show that the justice did not certify truly, when he stated in his certificate, that the grantors appeared before him in his county.—*Mortgage Co. v. Peoples*, 102 Ala. 241. We have also held that if, in fact, the wife did not appear before the officer at all, nor make any acknowledgment to him, his certificate would not preclude her from proving the real facts.—*Giddens v. Bolling*, 99 Ala. 319; *Grider v. Mortgage Co., Ib.* 281. These rulings do not conflict with the now definitely settled doctrine in this State, that an officer within his local jurisdiction, taking and certifying acknowledgments, acts judicially and not ministerially, and that if the officer acquires jurisdiction of the parties, his certificate in the statutory form, can not in the absence of fraud or duress be assailed, by evidence that in point of fact they did not acknowledge what he certifies. Our latest utterance upon this subject is in *Mortgage Co. v. James*, 105 Ala. 347. It is not, however, everything which an officer chooses to include in his certificate, that is conclusively established thereby. Our language is that, under the circumstances stated, "the parties will not be allowed to impeach the truth of the facts he is required by law to certify." The certificate of an officer to a fact which the law did not entrust him to certify, is of no value.—*Draper v. Brison*, 17 Mo. 71, s. c. 57 Am. Dec. 257. Upon an examination of the certificate which the statute requires we do not find that he is authorized to certify, nor in the mortgage introduced in this case did he certify, anything whatever in regard to the mental status of Mrs. Thompson. He must examine her touching her signature, and must certify, not that she did or could sign the instrument of her own free will and accord, but simply that she *acknowledged*, meaning thereby that she stated or admitted, the signature to have been so made. The officer is not required to pass upon her capacity to give voluntary assent, and his certificate can not be conclusive of the question. In *Williams v. Baker*, 71 Pa. St. 476, the court considered this question, under a statute requiring a separate acknowledgement by married women of conveyances of their separate property, and requiring also a certificate very similar in form to that contained in section 2508 of the Code of 1886. The wife sought to

avoid her conveyance, certified in due form, by parol evidence, on the ground of her incapacity because of infancy, to execute the same. The certificate of the officer was relied on as conclusive of the validity of her deed against an attack of that kind. The court said that the form of the certificate did not make it the duty of the magistrate to ascertain and certify in relation to anything, except whether the woman executed voluntarily, of her own free will and accord, without compulsion from her husband; and that inasmuch as the certificate is conclusive only of such facts as the officer was required to certify, she was not concluded by his certificate from showing she was a minor when she signed. We must give a similar construction to our statute.

The circuit court should have allowed the defendant to prove, if he could, that his wife was insane when she affixed her name to the mortgage and acknowledged the same, as he offered to do; and because of its refusal to allow such evidence to be introduced, the judgment mustbe reversed and the cause remanded.

Reversed and remanded.