R. E. DUFFIELD, Trustee, v. J. R. DOSH, Appellant.

**Bankruptcy:** HOMESTEAD: SALE: ABANDONMENT. A bankrupt occu-
1    pying real property as a homestead under a contract of purchase, cannot transfer the homestead interest except by a written instrument in which the wife joins, and a lease of the property by the bankrupt from one purchasing the legal title subject to the contract, will not affect the rights of creditors, nor constitute an abandonment of the homestead.

**Power of trustee in bankruptcy.** A trustee in bankruptcy can main-
2    tain an action against the holder of the legal title to property, occupied by the bankrupt as a homestead under a contract of purchase, to have the homestead set off and to subject the remaining interest to the payment of claims.

*Appeal from Guthrie District Court.*—HON. J. H. APPLE-
GATE, Judge.

THURSDAY, JUNE 9, 1904.

ACTION in equity, brought by plaintiff, as trustee in bankruptcy of one S. R. Smith, to redeem from defendant, the holder of the legal title to certain premises in which said Smith had a homestead interest, in order that, after satisfying any claims of defendant to or on the premises, the same might be applied to the satisfaction of the debts of the bankrupt. There was a decree for the plaintiff, and defendant appeals.— *Affirmed.*

*Hinkson & Brown,* for appellant.

*E. R. Sayles,* for appellee.

McCLAIN, J.— In the year 1900, S. R. Smith, as whose trustee in bankruptcy plaintiff sues, was occupying the premises in question with his wife as a homestead under contract of purchase executed in 1898 by one Sanborn, who was the owner of the legal title to the premises. It appears that at the solicitation of Smith, who felt that he would be unable to carry out the terms of his contract of purchase, and would lose the land, the defendant took a conveyance of the premises from Sanborn, paying to the latter full consideration, with the understanding between him and Smith that at some future indefinite time Smith would repay the defendant the amount thus paid and interest, and also any amount which defendant should pay by way of taxes, and that defendant would then convey the land to Smith, thus enabling him to save his homestead rights and enjoy the benefit of any increase in the value of the property. The contract of purchase between Smith and Sanborn was not assigned to defendant, nor was it forfeited nor canceled. Smith filed his voluntary petition in bankruptcy in 1901, and thereafter joined in a lease executed to him by defendant for the premises, this lease being signed also by Mrs. Smith. The present action is brought by the trustee in bankruptcy to extinguish the legal title of defendant and subject the premises to the payment of claims against the bankrupt's estate so far as such premises are subject to the payment of claims. The premises consist of eighty acres of land, and it is not contended that Smith's homestead rights extend to more than forty acres thereof, but the homestead has not as yet been platted or set off.

It is conceded that under the contract of purchase Smith had a homestead right in the premises, which could not be transferred without the joinder of his wife in a written instrument making such transfer; and, even if Smith had attempted to relinquish to defendant his rights under the contract of purchase with Sanborn, such

1. HOMESTEAD: sale; abandonment.

relinquishment, not evidenced by any instrument joined in by his wife, would have been invalid as to both of them. *Belden v. Younger,* 76 Iowa, 567. But there is no evidence that Smith attempted to transfer his homestead in the premises held under contract with Sanborn, unless the acceptance of the lease, executed after the beginning of the bankruptcy proceedings, had that effect. Evidently, the lease did not change the situation so far as the rights of the creditors are concerned, nor constitute an abandonment of the homestead rights of Smith and his wife, who remained in possession of the premises as a homestead. In fact, the defendant simply acquired the legal title of Sanborn, subject to the existing contract of conveyance made with Smith, and all that defendant is entitled to is to have the contract enforced. As the decree fully protects the rights of defendant in this respect, we do not see any just ground on which he can complain.

The real contention of appellant seems to be that plaintiff, as trustee, cannot maintain this action, because it does not appear that the indebtedness to any of the creditors represented by the plaintiff as trustee antedated the acquisition of the homestead right, and it is urged that until the homestead is in some way platted or set off such creditors have no enforceable claim against any portion of the premises. But we do not see the force of this suggestion. Plaintiff, as trustee, is entitled to have the rights of the bankrupt in this property determined, and to satisfy the claims of defendant, in order that the premises may properly be disposed of in the bankruptcy proceeding by setting aside his homestead to Smith and subjecting any portion of the premises not found to constitute a part of the homestead to the payment of his debts. In this matter defendant has no interest.

There seems to be no valid objection to the decree, and it is AFFIRMED.

*2. POWER OF TRUSTEE IN BANKRUPTCY.*