Swift v. Dewey.

BARNABAS E. SWIFT ET AL., APPELLEES, V. CHARLES H. DEWEY ET AL., APPELLANTS.

| 20 | 107 |
| 20 | 166 |
| 22 | 374 |
| 20 | 107 |
| 31 | 863 |
| 20 | 107 |
| 35 | 832 |
| 20 | 107 |
| 45 | 232 |
| 20 | 107 |
| 51 | 26 |
| 51 | 422 |
| 52 | 63 |

1. **Mortgage on Homestead.** A mortgage of a tract of land, including the homestead, executed by a married man without the concurrence and signature of the wife, is invalid for the purpose of impairing, dismembering, or in any manner affecting such homestead or its appurtenances; but *aliter* as to the portion of such tract, if any, not embraced within such exempt homestead.

2. **Jurisdiction.** When a district court has gained jurisdiction of a cause for one purpose, it may and should, retain it generally for relief.

APPEAL from the district court of Adams county. Heard below before MORRIS, J.

*John L. Webster* and *B. F. Smith*, for appellants.

*John M. Ragan* (*Angus McDonald* and *O. P. Shallenberger* with him), for appellees.

COBB, J.

It appears from the abstract that on the 4th day of June, 1879, Barnabas E. Swift, one of the appellees, was the owner of the quarter section of land described in the pleadings. That the same having been acquired by him under the homestead laws of the United States, although he was not then actually residing thereon with his family, yet not having legally abandoned the same as his homestead, both he and his wife and co-appellee were entitled to an exempt homestead therein. It further appears that on the day above mentioned the said Barnabas E. Swift executed to Dewey & Stone, the appellants, a mortgage upon the north half of said quarter section of land to secure the sum of $819.22. That on the 13th day of December, 1880, a

suit having been commenced for the foreclosure of said mortgage, such proceedings were had, that a judgment and decree was duly rendered and entered in the proper district court for the foreclosure of said mortgage, and the sale of the land therein described. That on the 29th day of September, 1884, an order of sale was issued on the said judgment and decree, and placed in the hands of the appellant David L. Barlass, as sheriff of Adams county, who advertised the said lands for sale on the 1st day of November next ensuing, to satisfy the said judgment and costs, etc. That thereupon the appellees commenced their action in the district court of Adams county for an injunction and general relief against the appellants.

The appellants Dewey & Stone answered, denying that the said quarter section of land was the exempt homestead of the said plaintiffs at the time of the commencement of their said action, and alleging that the same was of greater value than two thousand dollars, to-wit, of the value of four thousand dollars, and praying the court to enquire into the value of said quarter section of land, and if the same should prove to be of greater value than two thousand dollars, that the same be sold and the overplus of two thousand dollars be applied to the payment of the said judgment of the said Dewey & Stone, etc.

There was no reply.

There was a trial to the court which found for the plaintiffs and rendered a judgment and decree perpetually enjoining the said defendants from proceeding further in the sale of said premises, or taking any steps, proceedings, or process whatever, based on said pretended judgment of foreclosure, etc. The defendants bring the cause to this court by appeal.

Section 3 of the homestead act of 1877, provides that: "A conveyance or encumbrance by the owner is of no validity unless the husband and wife, if the owner is married, concur in and sign the same joint instrument." Laws 1877, 34.

I do not understand this provision to go to the extent of invalidating a mortgage executed by the husband without the concurrence of the wife, and embracing an exempt homestead, for all purposes, but only for the purpose and to the extent of rendering it powerless to dismember or to any extent disturb the homestead. Certainly such a mortgage, if executed for an adequate and lawful consideration, would be enforceable against the person executing it, according to its terms, upon any property which it might contain other than the exempt homestead. This proposition seems to me too plain to admit of argument.

The act of 1877 provides that a homestead shall in no event exceed in value the sum of two thousand dollars. The previous act of 1875 and the subsequent one of 1879 [Comp. Stat., Ch. 36.], both contain provisions of similar import. Under this provision, and conceding that under the evidence in the case, the appellees have an exempt homestead in the quarter section of land described, it by no means follows that the whole quarter section is exempt. Where, as in this case, the homestead in question consists of a farm, that which may be claimed as exempt is as clearly limited to two thousand dollars in value, as it is to one hundred and sixty acres in quantity. It should be borne in mind, in considering this case, that it nowhere appears, either in the pleadings or evidence, that the dwelling house and its appurtenances, or either of them, is situated upon the eighty acre tract of land covered by the mortgage, nor does it anywhere appear that the eighty acres of said quarter section of land not covered by the mortgage does not embrace the dwelling house and all of its appurtenances, nor that it is not worth the full amount of two thousand dollars. On the other hand, while it is not alleged in the answer that the eighty acres covered by the mortgage does not embrace the dwelling house and its appurtenances, it is alleged therein that the quarter section of land is of greater value than two thousand dollars, and that it is worth four thou-

sand dollars.  Upon the trial the defendants offered no evidence on their part, but they did seek, by interrogating the plaintiffs, when on the stand as witnesses in their own behalf, to prove the said quarter section of land to be of greater value than two thousand dollars, and that it was of the value of four thousand dollars.  The questions by which it was sought to draw out this evidence being objected to by the plaintiffs as incompetent, and such objections being sustained by the trial court, is probably a sufficient reason and justification on the part of the defendants for the absence of such evidence.

The right of the defendants Dewey & Stone to proceed against the property of the plaintiff, Barnabas E. Swift, were the same as those of a judgment creditor, neither greater or less.   Section 14, of the act of 1877, provides as follows:  " When a disagreement takes place between the owner and any person adversely interested as to whether any land or buildings are properly a part of the homestead, the sheriff shall, at the request of either party, summon nine disinterested persons having the qualifications of jurors; the parties then, commencing with the owner of the homestead, shall in turn strike off one juror each, and shall continue to do so until only three of the number remain. These shall then proceed as referees to examine and ascertain all of the facts of the case, and shall report the same, with their opinion thereon, to the next term of the court from which the execution or other process may have issued." The following three sections point out the duties of the court upon the coming in of the report of such arbitrators, etc.

Plaintiffs in their brief contend that the above quoted section " provides a plain way in which any one adversely interested may have any question as to the quantity or value of any homestead decided, and have the excess (if any) set off so that it may be reached by judicial process."   And that " where such a statutory remedy is provided no other method can be resorted to, to determine that question," etc.

I do not doubt the correctness of the rule that "where a statute confers a right and prescribes adequate means of protecting it, the proprietor of the right is confined to the statutory remedy," but I think that it would have been equally applicable had it been invoked by the defendants in defense to the plaintiffs' petition for injunction. Clearly the defendants Dewey & Stone could not have proceeded under the statute without first having obtained their decree, caused the order of sale to issue, and placed it in the hands of the sheriff. It was then equally the right of the defendants Dewey & Stone or of the plaintiffs to apply for the jury provided for by section 14 above quoted. Neither party availed themselves of that right, but the plaintiffs brought this suit in equity. So that at the instance and procurement of the plaintiffs themselves the district court of the proper county, sitting as a court of equity as well as of law, obtained jurisdiction of the cause as well as of the parties. Such being the case, the defendants, appellants, by their answer invoked the well known powers of the court that the facts of the case and rights and duties of the parties in respect thereto might be enquired into, ascertained, and settled by its decree. This I think they had a right to, and that in denying it to them the district court erred.

"It has been laid down in the courts of New York on more than one occasion as a settled rule, that when the court of chancery has gained jurisdiction of a cause for one purpose, it may retain it generally for relief." See 1 Story Eq. Jur., § 71, and cases there cited. This I think may be now regarded as the settled law. It tends to shorten litigation and save costs, while it denies the rights of no one.

The findings and decree of the district court are reversed and the cause remanded for further proceedings in accordance with law.

REVERSED AND REMANDED.

THE other judges concur.