## B. D. DE KALB v. S. O. HINGSTON, Appellant.

**Breach of Contract:** CONVEYANCE OF HOMESTEAD. Where a husband agrees to convey a homestead, and received the full consideration therefor, without his wife's concurrence, and failed to make such conveyance, such consideration may be recoveres back, though such contract was void because not concurred in and signed by the wife, as a judgment therefor is for the return of the money obtained by a false pretense, rather than for damages for the breach of a contract to convey a homestead.

*Appeal from Clarke District Court.*—HON. W. H. TED-FORD, Judge.

### THURSDAY, DECEMBER 16, 1897.

THE facts of this case, because of the concessions of counsel that but a single question is to be considered in this court, may be much simplified from those stated in the record or argument. The defendant is the head of a family, and was the owner of one hundred and seven acres of land. The land is designated as two tracts, one containing one hundred acres, and the other seven acres. The east two acres of the seven-acre tract contained the buildings, and was the homestead of the defendant. The transactions between plaintiff and Hingston were such that there was an agreement that Hingston should convey to plaintiff the two tracts, including the homestead. Mrs. Hingston was not a

party to the agreement. A deed was made, signed by Mr. and Mrs. Hingston, and delivered, but it omitted the two-acre tract that was the homestead, but was accepted by plaintiff in the understanding that it was included. The homestead was afterwards sold to one Ruffcorn, who is a defendant in the suit, and who sets up the fact of the purchase of the homestead, and asks that the title thereto be quieted in him. The petition asks as a relief that the sale to Ruffcorn be set aside, and the defendants be required to specifically perform the agreement to convey, or that, in case such relief cannot be granted, judgment be rendered against defendant S. O. Hingston for the sum of one thousand, five hundred dollars and costs. The district court denied the relief for specific performance asked by plaintiff, and quieted the title to the homestead tract in Ruffcorn, and gave to plaintiff a judgment for one thousand, two hundred dollars against S. O. Hingston, and for costs. Defendant S. O. Hingston appealed.— *Affirmed.*

*Earle & Prouty* for appellant.

*Harvey & Parrish* for appellee.

GRANGER, J.—Counsel for appellant frankly concede the questions of fact in a way to present a single legal proposition, and as to what that proposition is there is but slight controversy. The legal proposition is entirely controlled by the homestead question involved. It may be stated that the situation, as between De Kalb and Hingston, is such that, were there no homestead rights in the land, plaintiff would be entitled to a decree for specific performance, which means that plaintiff bought and paid for the land, including the homestead, and was deceived by its being omitted from the conveyance. The district court

denied relief by way of specific performance because of
the homestead character of the land. It is now con-
tended by appellant that, inasmuch as the contract as
to the homestead was void and unenforceable, S. O.
Hingston cannot be held in damages for the failure to
perform such a contract. Appellant states the legal
proposition to be considered, in this way: "Where a
husband agrees to convey a homestead without his
wife concurring, and fails to do so, can he be made to
respond in damages?" Appellee presents the proposi-
tion like this: "Where a husband agrees to convey a
homestead, *and receives the full consideration there-
for*, without his wife concurring, and fails to do so, can
he be made to refund the money received?" The latter
statement brings the proposition directly in line with
the conceded facts, and has the merit of avoiding the
somewhat uncertain meaning of the term "damages"
in appellant's statement, for there might be a view of
appellant's proposition decidedly favorable to his
claim, for there might be damages, under such a con-
tract, other than a return of money wrongfully received.
Hence we think the latter statement the better, one of
the propositions to be considered. Appellant relies on,
and cities, our holding to the effect that such a contract
as to a homestead, is void, because the wife concurred
therein, and signed the same joint instrument. Appellee
concedes all this, and concedes that he has no claim,
by virtue of the contract, on the homestead, or against
Mrs. Hingston, but maintains that, because S. O. Hing-
ston represented to him that the deed signed by himself
and wife was to, and did, contain the homestead, and
that because of such representation he paid for the
homestead and did not receive it, Hingston should not
be permitted to retain the homestead and the money so
wrongfully taken. To permit appellant to retain the
money is so abhorrent to natural justice that a court

could not and should not give its assent thereto except
in obedience to an undoubted and unyielding rule of
law, and we are not favored with a reference to such a
rule, and have no knowledge of any such. Such a rule
would be a violation of that universal one that denies
to a party a legal right to take advantage of his own
wrong, a rule that has graced the jurisprudence of civ-
ilization throughout its history. The judgment is not,
in the sense contended by appellant, damage for a
breach of the contract to convey a homestead, but
nearer, if not clearly, for a return of money obtained by
a false pretense. We are not in doubt as to the proposi-
tion, and the judgment will be AFFIRMED.