ARTHUR WILSON ET AL., APPELLANTS, V. BARTUS WILSON
ET AL., APPELLEES.*

FILED FEBRUARY 20, 1909. No. 15,422.

1. **Witnesses: COMPETENCY.** A party claiming title under a deed made
   by a deceased person is an incompetent witness to prove the
   delivery of such deed.

2. **Deeds: EXECUTION: EVIDENCE.** Proof of an unacknowledged deed
   made by a subscribing witness, as provided by section 10807,
   Ann. St. 1907, entitles such deed to record, and is presumptive
   of its due execution.

3. **Homestead: CONVEYANCE: VALIDITY.** The sole deed of a married
   man conveying his homestead and other lands is void as to the
   homestead estate, but valid as to the lands in excess of the home-
   stead.

APPEAL from the district court for Sarpy county: WIL-
LIAM A. REDICK, JUDGE. *Affirmed.*

*J. K. Van Demark, C. S. Allen* and *L. E. Gruver,* for
appellants.

*H. Z. Wedgwood* and *Hall & Stout, contra.*

DUFFIE, C.

On the 6th day of May, 1891, Charles Wilson was the
owner of a farm of 120 contiguous acres of land, upon
which he resided with his wife, Maria. On that day he
signed a deed purporting to convey the said farm to the
defendant Bartus Wilson. The wife, Maria, did not join
in this deed, nor was it acknowledged by Charles Wilson.
He continued to reside on the premises until 1893, when
he died intestate, leaving surviving him, his widow, Maria,
and his five sons and heirs at law, the plaintiffs, Arthur,
Thomas, Charles and James, and the defendant, Bartus
Wilson. The widow continued to reside on the premises
with the defendant Bartus, except one season, when the
land was farmed by Arthur, until her death in 1904. After

* Rehearing allowed. See opinion, 85 Neb. ——.

the death of the mother the plaintiffs brought this suit, each claiming an undivided one-fifth interest in the premises, and praying a partition thereof.   The defendant Bartus Wilson answered, claiming ownership by the deed above mentioned, as well as by adverse possession of the premises for more than ten years.   The issue of adverse possession was upon application of the defendant submitted to the jury, who found for the plaintiffs.   On the trial the parties stipulated that the dwelling house and improvements were situated on the southwest quarter of the southeast quarter of the land in dispute, and that this 40 acres, together with the buildings, was worth the sum of $2,000 on May 6, 1891, the date of the deed, and on June 7, 1893, the date of Charles Wilson's decease, and that, in event the deed was sustained as to the land in excess of Wilson's homestead interest, the southwest quarter of the southeast quarter might be treated as the portion which would be set off as the homestead interest if application had been made therefor.   The court entered a decree of partition as to this 40 acres, quieting title in the defendant to the remaining 80 acres.   The plaintiffs appeal.

The only direct evidence of the actual delivery of the deed under which the defendant claims was his own testimony that the instrument was in his possession before his father's death.   This statement was received over the objection that, under the provisions of section 329 of the code, the witness was incompetent to testify to the transaction between himself and his deceased father.   The word "transaction," as used in this section, embraces every variety of affairs, the subject of negotiations, actions, or contracts between the parties.   *Smith v. Perry,* 52 Neb. 738; *Kroh v. Heins,* 48 Neb. 691.   If the statement of the witness be taken as not implying a delivery, then it has no more force than the fact of possession at the beginning of the suit.   If it implies an actual delivery, it is incompetent.   *Russell v. Estate of Close,* 79 Neb. 318.   There being no competent evidence of the actual delivery of the deed from Charles Wilson to the defendant Bartus Wil-

son, there is no direct evidence to support a finding that such deed was delivered so as to take effect during the lifetime of the grantor, and, unless the possession of such deed by the grantee therein named, raises a presumption of such delivery, the defendant has failed in establishing title to any of the land. It is a general rule that a presumption of delivery arises from the possession by a party claiming under a writing duly executed, and it is conceded that, had the deed in question been properly acknowledged, a presumption of delivery would have arisen from the fact of its possession by the said grantee, in the absence of any opposing circumstances; but it is insisted that this presumption does not obtain where the deed is not acknowledged, and that, if it would otherwise have arisen, it is overcome by the circumstances of the defendant being so situated as to naturally come into possession of the papers of Charles Wilson upon his death.

We do not think this contention can be sustained. Indorsed on the back of the deed we find the following: "State of Nebraska, Sarpy County, ss.: Be it known that on this 9th day of November, A. D. 1901, before me, a notary public, in and for said county of Sarpy, in the state of Nebraska, personally appeared Maria Wilson, who is personally known to me to be the identical person whose name is affixed to the within deed as witness to said deed, who being duly sworn according to law doth depose and say that her place of residence is in the county of Sarpy, state of Nebraska, that she set her name to the within deed as a witness to said deed, that she, said Maria Wilson, was personally acquainted with the grantor, and that she saw him sign the deed conveying certain lands unto Bartus Wilson; further, that she was fully acquainted with all of the conditions and terms of the within deed, and that said Charles Wilson did make said conveyance of his own voluntary free will, and that said Charles Wilson did receive value in full from the within named Bartus Wilson for the lands described in the within deed. (Signed) Maria Wilson. State of Nebraska,

Sarpy County: Personally appeared before me, Louis Bates, a notary public, in and for Sarpy county, Maria Wilson, who is personally known to me as the identical person, who did affix her signature to the above affidavit. Subscribed and sworn to in my presence this 9th day of November, 1901.    Louis A. Bates, Notary Public, (My commission expires April 9, 1904.)"  .The above is apparently in strict compliance with section 10807, Ann. St. 1907, which provides:    "If the grantor die before acknowledgment,   *   *   *   proof of the execution and delivery of the deed may be made by any competent subscribing witness thereto before any officer authorized to take the acknowledgment; and the witness must state, upon oath, his own place of residence, that he set his name to the deed as a witness, that he knew the grantor in such deed, and saw him sign or heard him acknowledge he had signed the same; and such proof shall·not be taken unless the officer is personally acquainted with such subscribing witness, or has satisfactory evidence that he is the same person who was a subscribing witness to such deed."    A somewhat similar statute was in force for many years in the state of New York, and, so far as the decisions from that state inform us, the subscribing witness was not formerly required to give his place of residence; but upon a revision of the statutes. of that state the commissioners, in order that parties interested should have a means of identifying the witness aside from his mere name, recommended that the statute be so amended as to require the residence of the subscribing witness to be embodied in the affidavit made, and this recommendation was adopted and the statute so amended.    *Irving v. Campbell,* 121 .N. Y. 353.    The statute relating to the proof of the deed by a subscribing witness being fully complied with and possession by the grantee being shown, the question of its execution and delivery is taken out of the case.

The plaintiffs further assert that, as the deed in question included the homestead of their father, and the same was not signed by their mother and acknowledged as re-

quired by our homestead statute, it was void in toto, and conveyed no title to any of the land therein described. Thompson, Homesteads and Exemptions, secs. 476, 477, announces the rule adopted by a great majority of the courts that a deed or mortgage executed by the husband alone, which conveys the homestead and other property, is void only as to the homestead estate, and operates as a good conveyance of property in excess of the homestead. This is the view seemingly taken by this court in *Whitlock v. Gosson*, 35 Neb. 829. On page 834 of the opinion it is said: "The decree of foreclosure is defended by counsel for appellee on the ground that the property in question exceeds $2,000 in value, and that the mortgage is valid as to the excess over and above that amount. The value of the homestead is, we think, under the issues in this case wholly immaterial. It is not doubted that in a proper proceeding the homestead property in excess of the statutory limit may be subjected to the satisfaction of a mortgage by the husband. But if such relief is sought it should be by pleadings which put in issue the value of the homestead. The case of *Swift v. Dewey*, 20 Neb. 107, was in a proceeding in the nature of a creditor's bill and is therefore not in point." See, also, *McCreery v. Schaffer*, 26 Neb. 173, and *Teske v. Dittberner*, 70 Neb. 544.

While the pleadings in the case at bar do not seek to have the homestead segregated and set apart, the parties by the stipulation above referred to have obviated the necessity of such a proceeding. We recommend an affirmance of the judgment of the district court.

EPPERSON and GOOD, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.