ARTHUR WILSON ET AL., APPELLANTS, V. BARTUS WILSON, APPELLEE.

FILED OCTOBER 9, 1909.   No. 15,422.

1. **Deeds: VALIDITY.** A deed to real estate, executed and delivered, is valid between the parties, though not lawfully acknowledged nor witnessed, and is sufficient to convey the land described therein, with the exception of the homestead of the grantor.

2. ———: DELIVERY. Evidence examined, its substance stated in the opinion, and *held* sufficient to sustain the finding of the district court that the deed in question was in fact delivered to the grantee.

3. **Former Opinion Modified.** Former opinion, 83 Neb. 562, modified, and our former judgment adhered to.

REHEARING of case reported in 83 Neb. 562. *Affirmed as modified.*

BARNES, J.

Our former opinion in this case will be found in 83 Neb. 562, to which reference is made for a comprehensive statement of the facts. It was contended on the rehearing that the deed from Charles Wilson, deceased, to Bartus Wilson, the defendant herein, which was witnessed by no one but the wife of the grantor, was void, because she was incompetent to act in that capacity, and that we erred in our former opinion by holding that her certificate of acknowledgment to that instrument subsequently made rendered it a valid conveyance of the real estate in question. Upon a careful reconsideration of this case, we find that the authorities are somewhat divided upon that question; but, as the judgment of the trial court must be affirmed upon other grounds, we express no opinion on this point. It will be observed that this is an action at law to obtain an order of partition. During the progress of the trial it was found that the homestead of the deceased was included in the deed, and it was conceded that as to that

part of the premises the conveyance was void. Thereupon, in order to proceed with the trial, the parties stipulated that the 40 acres on which the family dwelling house was situated at the time the conveyance was made should constitute the homestead and at the conclusion of the trial the court found that the plaintiffs were entitled to have the homestead partitioned, but that the remainder of the premises was conveyed by the deed in question to the defendant, Bartus Wilson, and judgment was rendered accordingly.

Counsel first claims that the deed is void for want of proper acknowledgment. We think that this contention cannot be sustained. In *Harrison v. McWhirter,* 12 Neb. 152, it was said: "A deed of real estate, executed, witnessed and delivered, is effectual to pass title, though not lawfully acknowledged or recorded." In *Horbach v. Tyrrell,* 48 Neb. 514, we held that the functions of an acknowledgment are twofold: First, to authorize the deed to be given in evidence without further proof of its execution; and, second, to entitle it to be recorded. And unless the real estate conveyed or incumbered is the homestead of the grantors, an acknowledgment is not essential to the validity of the conveyance. This rule was followed and approved in *Holmes v. Hull,* 50 Neb. 656; *Linton v. Cooper,* 53 Neb. 400; *Interstate Savings & Loan Ass'n v. Strine,* 58 Neb. 133; *Morris v. Linton,* 61 Neb. 537. "As between the parties, in the absence of any statutory provision making the acknowledgment an essential part of the instrument, the title passes immediately upon the execution and delivery of the instrument; and, as against the grantor, his heirs and devisees, such instrument is as valid without an acknowledgment as with one. In other words, there is no necessity for acknowledgment as between the parties." 1 Cyc. 514. This rule is supported by many cases decided by this court. There is no statute in this state requiring acknowledgment of a deed to real estate which does not convey the homestead, except to entitle it to be recorded, and we are of opinion that the district

court upon this point properly held that the deed in question was sufficient to convey all of the premises described therein, except the homestead of the grantor.

It is next contended that the wife of the grantor was an incompetent witness to the execution of the deed in question, and, as it was witnessed by her alone, it is void, and conveys no title to the defendant. Whether the wife of the grantor was a competent witness to the execution of the deed need not now be determined. In *Prout v. Burke,* 51 Neb. 24, it was held that a mortgage, not on the homestead, executed and delivered, is valid between the parties, though not lawfully acknowledged nor witnessed. In *Holmes v. Hull,* 50 Neb. 656, it was said: "A mortgage upon real estate, other than the homestead, executed and delivered by the mortgagors, is valid between the parties and those having knowledge of its existence, although not lawfully acknowledged or witnessed." In *Pearson v. Davis,* 41 Neb. 608, we held that a deed to real estate, executed, acknowledged and delivered by the grantor, is valid between the parties, though not witnessed. We think, therefore, we may safely say that an unacknowledged and unwitnessed deed, if executed and delivered, is sufficient to convey title; that its validity cannot be questioned by the parties or their heirs at law, and we have no hesitancy in applying the rule in this case, because the plaintiffs are none other than the legal heirs of the grantor.

Plaintiffs' further contention is that, the deed being void as to the homestead, it is void as to the remainder of the land described therein. Upon this point it was said in our former opinion: "Thompson, Homesteads and Exemptions, secs. 476, 477, announces the rule adopted by a great majority of the courts that a deed or mortgage executed by the husband alone, which conveys the homestead and other property, is void only as to the homestead estate, and operates as a good conveyance of property in excess of the homestead. This is the view seemingly taken by this court in *Whitlock v. Gosson,* 35 Neb. 829." This rule was again recognized in *Teske v. Dittberner,* 70 Neb. 544,

113 Am. St. Rep. 802. We therefore adhere to the rule announced in our former judgment upon this point.

Plaintiffs also contend that the district court erred in finding that the deed in question was delivered by the grantor to the defendant Bartus Wilson. It is conceded that the possession of a deed by the grantee, in absence of opposing circumstances, is *prima facie* evidence of delivery, and the burden of proof is on him who disputes this presumption (*Roberts v. Swearingen,* 8 Neb. 363; *Brittain v. Work,* 13 Neb. 347) ; but it is insisted, however, that the circumstances disclosed by the record in this case overcome the presumption. The circumstances relied upon are the confidential relation between the parties, and the fact that at the time the deed was executed the defendant and the grantor, who were father and son, were living together in the same house, or as one family, and the opportunity was thus offered to the defendant to surreptitiously, and without the knowledge of the grantor, obtain possession of it. An examination of the record, however, discloses that at or about the time of the execution of the deed the defendant made a life lease, to his mother, of the premises in question. It also appears that a part of the consideration for the conveyance was the agreement of the defendant to care for, support and maintain his father and mother so long as they should live; and it is not claimed or contended that he did not fully and properly perform his part of the agreement. Again, it will not be presumed, in the absence of any evidence, that the defendant would commit an unlawful act by abstracting from his father's papers a deed which had never been delivered, and publish the same as the genuine deed of his father. It must also be borne in mind that the deed in question was executed on the 6th day of May, 1891; that the defendant from that time until the death of his father and mother continued to reside upon the premises in question, and thereafter exercised all his rights of ownership and dominion over the same; that his mother died in 1894; and that he remained in undisturbed possession thereof with-

out claim of ownership on the part of the plaintiffs until the 30th day of December, 1904, when this action was commenced. It further appears that the plaintiff, Arthur Wilson, since the execution of the deed in question, has rented the premises from the defendant and paid him the rent therefor, thus tacitly acknowledging his ownership. He also testified on the trial that he saw the deed some time after the month of October, 1893. Finally, we find from the record that James Wilson, who was made a party plaintiff in this case without his knowledge or consent, testified upon the trial that when the estate was probated, which was some time in the fall of 1893, he had a conversation with one of the plaintiffs, in which his assistance was solicited to obtain a share of the property. His testimony is as follows: "He wanted me to go down. He said that Bart claimed to have a deed for the place, and said he thought that we should all have an equal share in the place, and he wanted me to go down and help them out. I told him that I thought Bart had earned the place then, and that, as far as I was concerned, I was willing he should have it; that I would have nothing to do with it." It therefore seems clear that the finding and judgment of the district court that the deed was in fact delivered to the defendant are amply sustained, not alone by the ordinary presumption of delivery, but also by sufficient competent evidence.

For the foregoing reasons, our former opinion, as modified herein, is adhered to, and the judgment of the district court is

AFFIRMED.