# PEARLE E. SEVERTSON v. H. PEOPLES.

## (148 N. W. 1054.)

**Deed of conveyance — action to cancel — acknowledgment of deed — husband and wife — homestead — extent or value — lots must be contiguous — allegations and proof.**

1. Plaintiff seeks to have canceled a certain deed executed and delivered by her and her husband to defendant of eleven lots in block 7, and seven lots in block 4 of the village of New Rockford, alleging that at the time such deed was executed and delivered she and her husband and children were living upon the lots in block 7 and claiming the same as their homestead. She contends that the deed is null and void *in toto* for the reason, among others, that she never acknowledged the execution of such deed. She failed to allege or prove the extent or value of the property thus claimed as a homestead, or that the various lots are contiguous.

*Held*, that the court cannot grant her relief without proper pleading and proof showing the extent and value of the homestead, and that the lots are contiguous; and the cause is ordered remanded to the district court to enable her to supply the above-mentioned deficiencies.

**Deed — cancelation — record — homestead as limited and defined by statute.**

2. A court of equity will cancel a deed under the circumstances disclosed in the record, only in so far as it affects the homestead as limited and defined by the statute.

**Deed must be acknowledged — execution alone insufficient.**

3. Under § 5052, Rev. Codes 1905, it is just as essential that the deed conveying the homestead be acknowledged as that it be executed. Without both execution and acknowledgment the homestead is not conveyed.

**Certificate of acknowledgment — regular upon its face — presumed to state the truth — evidence to overthrow must be clear and convincing — burden of proof.**

4. A certificate of acknowledgment, regular on its face, is presumed to state the truth, and proof to overthrow such certificate must be very strong and convincing, and the burden of overthrowing the same is upon the party attacking the truth of such certificate.

**Acknowledgment — what constitutes — admission to officer — authenticity.**

5. To constitute an acknowledgment the grantor must appear before the officer for the purpose of acknowledging the instrument, and such grantor must, in some manner with a view to giving it authenticity, make an admission to the officer of the fact that he had executed such instrument.

**Grantor not appearing before officer — execution of deed not acknowledged — admissibility of evidence to show innocent purchaser — without notice.**

6. Where, in fact, the grantor has never appeared before the officer and acknowledged the execution of the instrument, evidence showing such fact is admissible even as against an innocent purchaser for value and without notice.

On Rehearing.

**Homestead law — deed of homestead — must be executed and acknowledged by both husband and wife — area — value.**

7. Our homestead law (§ 5052, Rev. Codes 1905), providing that the homestead cannot be conveyed or encumbered unless the instrument by which it is conveyed or encumbered is executed and acknowledged by both husband and wife, was designed merely to protect the homestead as limited in both area and value in other sections of the act.

**Deed by husband — lands including homestead — valid as to excess of value over homestead exemption.**

8. A deed of conveyance by the husband, without his wife joining, of lands including the homestead, is valid as to the excess in extent or value of the land above the homestead exemption.

**Grantee of lands embracing homestead — equity — judgment creditors —, vendor — equal rights.**

9. The grantee under a deed conveying land embracing the homestead has, in equity, rights equal to those of judgment creditors of the vendor to resort to the excess in area or value of such lands over the homestead allowance.

**Legislature — remedy — court of equity.**

10. Where the legislature has failed to provide a remedy for determining such excess, a court of equity will invent a suitable remedy.

**Statutes from other states — construed by courts of such states before adoption here — presumption that construction was adopted.**

11. In construing a statute which was borrowed from another state and which had been construed by the courts of that state prior to its adoption here, it will be presumed that our legislature also borrowed such construction along with the statute as a part thereof.

**Homestead — appraisement and allotment — procedure — execution creditors.**

12. Certain procedure is suggested for the guidance of the trial court in the appraisal and allotment of the homestead, which suggested procedure is analogous to the statutory procedure governing in cases of homestead claims as against execution creditors.

Opinion filed April 22, 1914.  On rehearing October 14, 1914.

Appeal from District Court, Eddy County, *J. A. Coffey,* **J.**

From a judgment in plaintiff's favor, defendant appeals.

Judgment vacated and cause remanded for a new trial.

*Maddux & Rinker,* for appellant.

The complaint is insufficient in that it fails to join the husband as a party.

He was the record owner of the land,—was head of family.

He is a necessary party unless he has declared another homestead for their joint benefit. Code, §§ 4076, 5049, 5067; Poole v. Gerrard, 6 Cal. 71, 65 Am. Dec. 481; Kraemer v. Revalk, 8 Cal. 74; Foogman v. Patterson, 9 N. D. 254, 83 N. W. 15; Martin v. Platt, 64 Mich. 629, 31 N. W. 552; Guiod v. Guiod, 14 Cal. 507, 76 Am. Dec. 440; Gee v. Moore, 14 Cal. 474; Brennan v. Wallace, 25 Cal. 114; Marks v. Marsh, 9 Cal. 96 and cases cited.

Findings constitute a statement of ultimate facts, and must be based upon competent evidence. A report of what the evidence is, is not a finding of fact. Norris v. Jackson, 9 Wall. 127, 19 L. ed. 609; Mitchell v. Brawley, 140 Ind. 216, 39 N. E. 497; Hays v. Hostetter, 125 Ind. 60, 25 N. E. 134; 8 Enc. Pl. & Pr. 933, notes and citations; Holt v. Agnew, 67 Ala. 360; 13 Enc. Ev. p. 212, and cases cited; Hookway v. Thompson, 56 Wash. 57, 105 Pac. 153.

A married woman is presumed to know the contents of an instrument which she executes, and cannot contest its validity on that ground, unless fraud is shown. Patnode v. Deschenes, 15 N. D. 100, 106 N. W. 573; McCardia v. Billings, 10 N. D. 373, 88 Am. St. Rep. 729, 87 N. W. 1008; Code § 5002 and citations; 1 Am. & Eng. Enc. Law, pp. 488, 523.

An acknowledgment cannot be impeached by parol, unless the same is both false and fraudulent. McCardia v. Billings, 10 N. D. 373, 88 Am. St. Rep. 729, 87 N. W. 1008; Laws 1911, chap. 99, p. 180.

The burden is upon the party who seeks to have a deed or mortgage of property declared invalid, on the ground of the homestead character of the property. Grosholz v. Newman, 21 Wall. 481, 22 L. ed. 471; Apprate v. Faure, 121 Cal. 466, 53 Pac. 917; McClendon v. Equitable Mortg. Co. 122 Ala. 384, 25 So. 30; Foogman v. Patterson, 9 N. D. 254, 83 N. W. 15; Fitzhugh v. Connor, 32 Tex. Civ. App. 277, 74 S. W. 83; Beecher v. Baldy, 7 Mich. 488; Kilmer v. Garlick,

185 Ill. 406, 56 N. E. 1103; Swan v. Stephens, 99 Mass. 7; Goodloe v. Dean, 81 Ala. 479, 8 So. 197; Worsham v. Freeman, 34 Ark. 55; Webb v. Davis, 37 Ark. 551; Pritchett v. Davis, 101 Ga. 236, 65 Am. St. Rep. 298, 28 So. 666; Helfenstein v. Cave, 6 Iowa, 374; Robertson v. Robertson, 14 Ky. L. Rep. 505, 20 S. W. 543; Griffin v. Sutherland, 14 Barb. 456; Fulton v. Roberts, 113 N. C. 421, 18 S. E. 510; Doran v. O'Neal, — Tenn. —, 37 S. W. 563; Re Delaney, 37 Cal. 176; Hoffman v. Buschman, 95 Mich. 538, 55 N. W. 458; Meyer Bros. Drug Co. v. Bybee, 179 Mo. 354, 78 S. W. 579.

No presumption of homestead character prevails from the actual occupancy of the premises by claimant and family, where there is a statute requiring some formal act of selection. Foogman v. Patterson, 9 N. D. 254, 83 N. W. 15; 6 Enc. Ev. p. 519 and citations; Hawthorne v. Smith, 3 Nev. 189, 93 Am. Dec. 397; 10 Pl. & Pr. p. 86, note 1.

Where the statute provides the manner in which a homestead exemption may be declared and claimed, it is mandatory upon the claimant to follow it strictly, or the right is waived. The value, and extent or area must be shown, alleged, and proved. Rev. Codes 1905, § 5067, subsec. 4; Shoemaker v. Gardner, 19 Mich. 96; Martin v. Platt, 64 Mich. 629, 31 N. W. 352; Swan v. Stephens, 99 Mass. 7.

There must be a finding that plaintiff is the head of a family. This fact cannot be presumed. Rev. Codes 1905, § 5070.

Fraud is alleged upon information and belief. Motion to strike out was denied. This was error. 9 Enc. Pl. & Pr. 694, and cases cited; Rev. Codes 1905, §§ 5288, 5290, 5291; Robon v. Walker, 74 Ga. 823.

The court cannot determine the homestead or its character without due proof. Linn County Bank v. Hopkins, 47 Kan. 580, 27 Am. St. Rep. 309, 28 Pac. 606; Randal v. Elder, 12 Kan. 257, and cases cited; Kresin v. Mau, 15 Minn. 116, Gil. 87.

The actions of a person executing a deed are as much an acknowledgment to a notary, as words spoken would be. 1 Am. & Eng. Enc. Law, 525, 526, note 1.

The very act of executing a deed to property constitutes an abandonment thereof. Butler v. Nelson, 72 Iowa, 732, 32 N. W. 399; 6 Enc. Ev. 548 and cases cited; Doran v. O'Neal, — Tenn. —, 37 S. W. 563.

*C. S. Buck,* for respondent.

The homestead interest is purely statutory, unknown to common law.   In conveying, the homestead must be strictly followed.   The deed of the homestead of a married person must be executed and acknowledged by both husband and wife.   Rev. Codes 1905, §§ 5052, 5065; Calmer v. Calmer, 15 N. D. 120, 106 N. W. 684; 21 Cyc. 458, 559.

The wife has the right to bring action to have homestead rights protected and adjudged.   Dieter v. Fraine, 20 N. D. 484, 128 N. W. 684; Adams v. Beale, 19 Iowa, 61; Eve v. Cross, 76 Ga. 695; Boling v. Clark, 83 Iowa, 481, 50 N. W. 57; McKee v. Wilcox, 11 Mich. 358, 83 Am. Dec. 743; Andrews v. Melton, 51 Ala. 400; Comstock v. Comstock, 27 Mich. 97; 21 Cyc. 635; Ness v. Jones, 10 N. D. 587, 88 Am. St. Rep. 755, 88 N. W. 706; McClure v. Braniff, 75 Iowa, 38, 39 N. W. 171; Goodwin v. Goodwin, 113 Iowa, 319, 85 N. W. 31; Houston & T. C. R. Co. v. Knapp, 51 Tex. 592; Rev. Codes 1905, §§ 5052, 5066; 10 Enc. Pl. & Pr. 59, note 2, p. 83, note 3 and cases; Bolton v. Oberne, 79 Iowa, 278, 44 N. W. 546; 1 Cyc. 512; Fisher v. Meister, 24 Mich. 453.

A deed, unacknowledged, purporting to convey property other than the homestead but with the homestead, is void as to the whole.   Edwards v. Simms, 8 Ariz. 261, 71 Pac. 902; Cook v. McChristian, 4 Cal. 23; Goodrich v. Brown, 63 Iowa, 247, 18 N. W. 893; Richards v. Chace, 2 Gray, 383; Dye v. Mann, 10 Mich. 291; Sammon v. Wood, 107 Mich. 506, 65 N. W. 529; Delisha v. Minneapolis, St. P. R. & D. Electric Traction Co. 110 Minn. 518, 27 L.R.A.(N.S.) 963, 126 N. W. 276; Kaiser v. Klein, 29 S. D. 464, 137 N. W. 52; Goodwin v. Goodwin, 113 Iowa, 319, 85 N. W. 31; Karsten v. Winkelman, 209 Ill. 547, 71 N. E. 45.

A deed of a tract of land, including a homestead, will be void entirely, where the homestead, on account of impossibility of location, cannot be severed from the entire tract.   Sammon v. Wood, 107 Mich. 506, 65 N. W. 529; Goodykoontz v. Olsen, 54 Iowa, 174, 6 N. W. 263; Ryan v. Carr, 46 Mo. 483; Den ex dem. Robinson v. Barfield, 6 N. C. (2 Murph.) 391; Grove v. Todd, 41 Md. 633, 20 Am. Rep. 76; Pearce v. Patton, 7 B. Mon. 162, 45 Am. Dec. 61; Alabama L. Ins.

& T. Co. v. Boykin, 38 Ala. 510; Armijo v. New Mexico Town Co. 3 N. M. 244, 5 Pac. 709.

No technical duress need be established. Clement v. Buckley Mercantile Co. 172 Mich. 243, 137 N. W. 657.

FISK, J. This appeal comes here for trial *de novo* under the provisions of § 7229, Rev. Codes 1905. The action was brought to cancel and have adjudged to be null and void a certain deed executed and delivered on April 28, 1910, by this plaintiff and her husband, Ernest S. Severtson, to the defendant, and to enjoin defendant from asserting any title to the lands described in the complaint under such deed. In her complaint plaintiff alleges the fact of her signing the deed aforesaid purporting to convey to the defendant the property in controversy; that such property, on the date the deed was executed, constituted the homestead of herself, husband, and children, and that such deed was signed by her "while she was under coercion, intimidation, and duress, and undue influence practised, caused, and brought about by the defendant, who at said time claimed to be acting under authority of the Bank of New Rockford, North Dakota; that plaintiff's husband, at the time of signing of said deed, was, and for many years prior thereto had been, an officer of said Bank of New Rockford; that the defendant, or his agent, prepared said deed without consulting plaintiff and without her knowledge, and plaintiff was induced to sign said deed by reason of the wrongful and fraudulent representation made by defendant to plaintiff that her said husband had embezzled, dissipated, and misappropriated the funds of the said Bank of New Rockford, and with such intention so represented and threatened that unless plaintiff immediately signed and executed said deed, defendant and said Bank of New Rockford would immediately cause her said husband to be arrested and imprisoned on a charge of embezzlement and misappropriating the funds of said Bank of New Rockford; that defendant as the officer and agent of said bank had theretofore made such charges against and to her said husband, and had threatened her said husband with arrest and imprisonment; that she was at that time informed of such representations, threats, and charges; that plaintiff then and there believing that the defendant and said Bank of New Rockford would immediately cause the arrest and imprisonment of her

husband, and to prevent such arrest and imprisonment, and for no other purpose or consideration whatever, signed said deed at the time it was presented; that plaintiff never consented, either jointly with her husband or otherwise, to the execution and delivery of said deed, or to the conveyance by her said husband, or to the conveyance of her said homestead; and that such a deed is void, and of all facts herein alleged said defendant has at all times had full knowledge and notice." She also alleges in substance and effect that she did not sign such instrument in the presence of the subscribing witnesses, nor in the presence of R. F. Rinker, the notary public who assumed to take her acknowledgment. She also alleges that at the time of signing such deed no real estate whatever was described therein.

The answer puts in issue all the allegations of the complaint relative to fraud, undue influence, and coercion, and alleges affirmatively that plaintiff's husband was owner of the premises in controversy, and that she joined with her husband in executing the deed to the defendant voluntarily and in the ordinary course of business, which deed was duly witnessed and properly acknowledged, and that the defendant, ever since the acknowledgment thereof, has been and now is the owner in fee simple of all the real property described therein, and the defendant prays that his title may be quieted.

At the conclusion of the trial in the district court, that court made findings of fact and conclusions of law favorable to the plaintiff, and judgment was given canceling, as null and void, the deed aforesaid "as to the homestead interest of said Pearl E. Severtson and Ernest S. Severtson, her husband, in said premises as defined by law, *which said homestead interest is to be ascertained as provided by law,* and that said deed be decreed to convey no interest or estate in, or lien or encumbrance upon, said homestead interest in said property."

We are unable to understand just what was intended by the district court to be adjudicated by the judgment as thus entered. It is apparent that the intention was not to declare such deed null and void *in toto,* but merely as to the "homestead interest" of plaintiff and her husband in such premises "as defined by law." The court did not therein assume to ascertain and adjudge what such homestead interest was at the date the deed was executed and delivered, or at all; for the language of the judgment, "which said homestead interest in said

premises is to be ascertained as provided by law," clearly shows that the court contemplated that the ascertainment of such homestead interest should be left to a later time, and was to be arrived at in some manner provided by law. There is neither proof nor finding that all the real property described in the deed, or any particular portion thereof, constituted the homestead of the plaintiff and her husband. What the extent or value of such homestead was on April 28, 1910, is nowhere alleged in the complaint or disclosed by the evidence. It is true the court found that plaintiff and her husband and children were living on the premises described in the complaint, which consist of eleven lots in block 7, and seven lots in block 4 of the village of New Rockford, and that they occupied such premises as a homestead from the 28th day of April, 1910, until the date of the trial, and for several years prior thereto. But as the court did not decide that all of these lots or any particular lots included in the deed constituted plaintiff's homestead, the judgment adjudicates nothing, except, perhaps, that plaintiff has an unascertained homestead right in all or a portion of such property, and that the deed, to the extent of such right when ascertained, is null and void.

The action being one to cancel the deed in so far as it involves the homestead of the plaintiff, it was, we think, clearly incumbent upon plaintiff, in order to entitle her to the relief prayed for in her complaint, to both allege and prove the extent and value of such homestead, or at least, to allege and prove that it does not exceed 2 acres, and that its value does not exceed $5,000. Manifestly, the court cannot, in the absence of such allegation and proof, adjudge such deed to be void. It can cancel such deed only in so far as it affects plaintiff's homestead, especially in view of the fact as disclosed by the evidence, that the fee title to these lots was in her husband at the time of the execution of such deed.

The Re Delaney, 37 Cal. 176, is a case somewhat analogous on principle to the case at bar. In that case one Mary Delaney petitioned the probate court to set aside certain land to her because it was a homestead at the time of her husband's death. She furnished no proof to show what lands in fact constituted the homestead at the time of her husband's death, and the court, in denying her petition, said: "She asks, in her petition, that all the lands embraced in the declaration be

set off to her, but she neither alleges nor proves what was, in fact, the homestead at the time of her husband's death. Such proof is indispensable; and one essential fact to be established in making such proof is the value, as limiting the extent of the right. She was no better entitled to the whole lands described in her declaration—in disregard of their value—than she was in the absence of proof that they constituted the homestead in fact." In California the homestead was not limited in extent but merely as to value, but in North Dakota it is limited as to both (§ 5049, Rev. Codes 1905), and it was therefore, we think, incumbent upon plaintiff to establish by proof that her homestead came within the limits thus prescribed, both as to extent and value.

See also Foogman v. Patterson, 9 N. D. 254, 83 N. W. 15, wherein Chief Justice Bartholomew, speaking for the court, among other things, said:

"While the party may select his homestead from any portion of a tract much larger than the law allows for a homestead, it necessarily follows that no homestead can be identified until the selection is made." And again: "It is 'the homestead as created, defined, and limited by law' that is absolutely exempt. We have already seen what that means. A mere floating homestead right, unattached to any land in a manner that can identify the land as a homestead, cannot create an absolute exemption in land that may subsequently be designated and identified as a homestead."

In this connection it is proper to state that if the property claimed by plaintiff to be the homestead is contiguous, and does not exceed in extent and value the amount allowed as exempt under the statute, it would not be necessary for her or her husband to make any selection of such homestead, the property not being embraced in a larger tract owned by the parties or either of them.

The rule is well settled that the deed will not be adjudged to be void *in toto* where it covers not only the homestead, but other lands. It will, in such case, be declared void merely as to the homestead. 21 Cyc. 551 and cases cited; 15 Am. & Eng. Enc. Law, 2 ed. 684; Mason v. Truitt, 257 Ill. 18, 100 N. E. 202; Gillespie v. Fulton Oil & Gas Co. 236 Ill. 188, 86 N. E. 219; Jones v. Losekamp, 19 Wyo. 83, 114 Pac. 673; Lamb v. Cooper, 150 Iowa, 18, 129 N. W. 323; Wilson v.

Wilson, 83 Neb. 562, 120 N. W. 147; Weitzner v. Thingstad, 55 Minn. 244, 56 N. W. 817.

If correct in our views above expressed, this court is as powerless under the record to adjudicate the rights of the parties as was the trial court, and it necessarily follows that there was a mistrial. We think the proper course to pursue is to vacate the so-called judgment appealed from, and remand the cause to the district court for further proceedings. We do not think the action should be dismissed, for on another trial it may be shown that plaintiff has rights which should be protected. She has thus far failed, it is true, to establish such rights by proper pleading and proof; but it is within the power of the trial court to permit her to supply these deficiencies.

In view of our conclusion to remand the cause for further proceedings, it will not be necessary for us to pass upon the many questions raised in the briefs, some of which may not arise on another appeal.

However, in view of another trial, we deem it proper to call attention to the fact that in the complaint plaintiff alleges that she and her family lived and made their home upon the lots in block 7, merely. Under such allegation we fail to see how it can be found or adjudged that her homestead embraced not only these lots, but also those in block 4. Furthermore, it nowhere appears that the lots in these two blocks are contiguous, and if they are not, the homestead cannot embrace all of them. See § 5050, Rev. Codes 1905; also Foogman v. Patterson, 9 N. D. 254, 83 N. W. 15.

We also suggest that in view of the importance of the question as to whether plaintiff in fact acknowledged the deed in question, the evidence bearing on such issue should be as full and as explicit as possible. The record before us on this point is not entirely satisfactory. While we are inclined to the view that the finding on this point has sufficient support in the testimony, yet, being set out in the narrative, the testimony on the direct examination of the witness Rinker, the officer whose certificate of acknowledgment is annexed to the deed, is somewhat ambiguous and susceptible of more than one construction.

We might here also add that appellant's contention that plaintiff's admission in court, in the presence of the notary, that she signed the deed, is a sufficient acknowledgment thereof, is untenable. It is, no doubt, a correct statement of the law that an acknowledgment of a

deed, so as to render it admissible in evidence, may be made at any time prior to its offer at the trial; but to constitute an acknowledgment the grantor must appear before the officer for the purpose of acknowledging the instrument, and such grantor must, in some manner, with a view to giving it authenticity, make an admission to the officer of the fact that he had executed such instrument. Breitling v. Chester, 88 Tex. 586, 32 S. W. 527. See also Riddle v. Keller, 61 N. J. Eq. 513, 48 Atl. 818.

In Breitling v. Chester, the Texas court said: "In order to call into exercise the authority of the officer to make the certificate, the grantor must appear before him for the purpose of acknowledging the instrument, and his admission that he had executed it must be made with a view to give it authenticity." In that case the admission was made by the grantor while her deposition was being taken, and the certificate based thereon was held a nullity.

Section 5052 of the Revised Codes cannot be misunderstood. It provides: "The homestead of a married person cannot be conveyed or encumbered, unless the instrument by which it is conveyed or encumbered is executed and acknowledged by both husband and wife." Under this statute it is just as essential that the instrument be acknowledged as that it be executed. Without both execution and acknowledgment the homestead is not conveyed.

That the purported acknowledgment may be impeached for fraud is, we think, well settled. American Sav. & L. Asso. v. Burghardt, 19 Mont. 323, 61 Am. St. Rep. 507, 48 Pac. 391, and cases cited; American Freehold Land Mortg. Co. v. Thornton, 54 Am. St. Rep. 148, and valuable note (108 Ala. 258, 19 So. 529).

Even in those states wherein the taking of an acknowledgment is deemed a judicial, rather than a ministerial, act, the certificate of the officer may be impeached by proof that it is entirely false, and that there was no appearance before the officer, and no authorization to him to certify the acknowledgment. Grider v. American Freehold Land Mortg. Co. 99 Ala. 281, 42 Am. St. Rep. 58, 12 So. 775; Donahue v. Mills, 41 Ark. 421; Phillips v. Bishop, 31 Neb. 853, 48 N. W. 1106; Williamson v. Carskadden, 36 Ohio St. 664; Michener v. Cavender, 38 Pa. 334, 80 Am. Dec. 486; Pickens v. Knisely, 29 W. Va. 1, 6 Am. St. Rep. 622, 11 S. E. 932.

The rule is well settled that a certificate of acknowledgment, regular on its face, is presumed to state the truth, and the proof to overthrow such certificate must be very strong and convincing (Patnode v. Deschenes, 15 N. D. 100, 106 N. W. 573, and authorities therein cited), and the burden is on plaintiff to overcome such presumption; but, as stated in 1 Cyc. 622, the rule is that "where, in fact, the grantor has never appeared before the officer and acknowledged the instrument, evidence to show that the certificate, though regular on its face, is a forgery or an entire fabrication of the officer, is admissible even as against an innocent purchaser for value and without notice." Citing numerous authorities.

For the foregoing reasons the judgment appealed from is reversed and the cause remanded for a new trial.

BURKE, J., being disqualified, did not participate.

## On Rehearing.

FISK, J. Appellant's counsel filed a petition praying for a rehearing upon several grounds therein set forth. After considering such petition, we granted it upon the sole question whether the cause should be remanded for a new trial, as we ordered, or the action dismissed. The respective counsel have submitted written arguments on such rehearing, covering practically all of the points involved in the first opinion. Owing, however, to the importance of the questions, as well as the insistence of counsel for both parties of the correctness of their respective views, we have carefully reconsidered some of the more perplexing questions in the case, and, while we are forced to admit that they are not free from doubt, we have concluded to adhere to the views first expressed, and will, as briefly as possible, here supplement our former opinion by setting forth additional reasons for the faith that is in us, and also endeavor to point out more clearly to the trial court and to counsel what we deem the proper practice to be pursued on such new trial.

Counsel for respondent, while not presenting a petition asking for a rehearing upon any of the points decided against his client, vigorously challenges the correctness of the court's decision in some particulars

which deserve consideration. He makes an ingenious and quite plausible argument in support of his contention that the area and value of the homestead of plaintiff and family are wholly immaterial in a case like the one at bar where the rights of creditors are in no way involved, and he cites and relies upon certain authorities as controlling, and especially the cases of Meisner v. Hill, 92 Neb. 435, 138 N. W. 583; Anderson v. Schertz, 94 Neb. 390, 143 N. W. 238; and Calmer v. Calmer, 15 N. D. 120, 106 N. W. 684. The last case was a controversy between the widow and certain heirs, and it was held that the rights of the widow are superior to the rights of the heirs as to the entire homestead, regardless of its value, where, as prescribed in § 6392 (now § 8090, Rev. Codes 1905), the value thereof exceeds the sum of $5,000, *and such homestead cannot be divided without material injury.* The learned judge who wrote the opinion very properly held that under such circumstances "the rights of the widow and the minor children to the family homestead are very properly recognized as superior to those of the heirs. If the homestead cannot be divided without material injury, the family home must be preserved intact as against the heirs, whose right to inheritance is inferior in degree, and should be postponed to the right of the decedent's family to their home, even though the homestead exceeds $5,000 in value." Indeed, in the light of such express statute to that effect, the court could not have held otherwise. Effect was merely given to the plain language of the statute. This statute is manifestly just and humane. It does not take away the heir's right of inheritance, but merely postpones the enjoyment of such right in the exceptional cases referred to. It is important, however, to note that the legislative policy, in dealing with the homestead as between the widow and the heirs in all cases not coming within such exception, is to restrict the homestead estate, in both area and value, to the limits prescribed in § 5049, Rev. Codes 1905, governing the extent and value of the homestead exemption. In view of such express legislative policy limiting and restricting the homestead as to both area and value, not only in favor of creditors, but also of heirs, how can it be seriously contended that no such restrictions or limitations were contemplated in favor of vendees? Respondent's contention, in effect, is that in enacting § 5052, providing that "the homestead of a married person cannot be conveyed or encumbered, unless

the instrument by which it is conveyed or encumbered is executed and acknowledged by both husband and wife," the legislature used the word "homestead" in its broad and popular sense, and without any intention of restricting its meaning in accordance with the restrictions employed in the other sections of the statute, both with reference to exemptions and to the rights of heirs to inherit. The necessary result of such a holding would be that if A, who owns a section of land worth $50,000 with a dwelling thereon worth $10,000 upon which he and his family resides, as their home, gives to B for a cash consideration of $60,000 a deed thereto, without his wife joining, such deed is void *in toto* and will, at the suit of A or his wife, be declared to convey nothing to B. We are unwilling to impute to the legislature any such intent. Why such discrimination against the vendee and in favor of heirs possessing no contract rights? The vendee B under such circumstances stands, it would seem, in as equitable a position as A's creditors. He, no doubt, could become a judgment creditor of A by rescinding the contract of purchase and prosecuting an action against him for the recovery of the cash purchase price paid (De Kalb v. Hingston, 104 Iowa, 23) 73 N. W. 350), in which event nothing would be exempt in excess of the area and value of the homestead as fixed in § 5049. A could also in any other way become a debtor of B without his wife's knowledge or sanction, and as against the claims of B in this form A's wife, of course, could not assert a homestead claim in excess of the limit aforesaid. The Nebraska court in Swift v. Dewey, 20 Neb. 107, 29 N. W. 254, in speaking of the rights of mortgagees under similar circumstances, said: "The right of the defendants, Dewey & Stone, to proceed against the property of the plaintiff, Barnabas E. Swift, were the same as those of a judgment creditor, neither greater nor less." We are firmly persuaded that, in providing that the homestead of a married person cannot be conveyed or encumbered unless the deed or mortgage is executed and acknowledged by both husband and wife, the legislature used the word "homestead" in its restricted meaning as given to it in the other sections of the act, with reference both to creditors and to heirs.

The cases of Meisner v. Hill and Anderson v. Schertz, supra, so confidently relied upon by respondent's counsel, are recent cases from the Nebraska court, and in view of the fact that our statute on homesteads is very similar to the Nebraska statute, these cases deserve special con-

28 N. D.—25.

sideration. Before noticing them, however, a few words relative to the history of our homestead statute may be profitable. Pursuant to the mandate contained in § 208 of the state Constitution commanding the enactment of "wholesome laws, exempting from forced sale to all heads of families a homestead, the value of which shall be limited and defined by law," the legislature in 1891 enacted chapter 67 of the laws of that year, repealing all laws in conflict therewith, and especially §§ 1 to 9 and 15 to 19 inclusive of chapter 38, Territorial Code 1877. Chapter 67 is practically the same as the Nebraska statute, and no doubt was borrowed therefrom. The commission in revising the Codes in 1895 changed the phraseology of some of the sections, and incorporated therein certain new sections, among which is § 3628, Rev. Codes 1895 (now § 5073, Rev. Codes 1905). This section, among other things, provides "that the real property which is subjected to the homestead estate by the county court, and in which such estate is ascertained and set off by such court, must not exceed in value or area the value or area prescribed in § 5049," which section limits and defines the homestead exemption as we have observed. The Nebraska statute has no corresponding section, which fact, no doubt, accounts for the litigation which arose in the Nebraska courts over the question of the respective rights of the widow and the heirs of the decedent with reference to homesteads exceeding a stated area or value. Under a statute like ours such cases as Meisner v. Hill and like cases therein mentioned would not have arisen. The case of Meisner v. Hill is, however, an authority of more or less weight in respondent's favor, as it deals with a question of statutory construction analogous to that in the case at bar, the only distinction being such as may exist between the rights of heirs to inherit and the rights of vendees to claim, under their deeds of purchase, the excess in area or value of the homestead over a stated limit for exemption purposes. This, as we view it, is, however, a very substantial distinction. But even if such decision were directly in point, we should decline to follow it. At the date our statute was borrowed, the construction placed upon the Nebraska statute by its supreme court was well settled contrary to the later decisions, and the well-recognized rule, of course, is that it will be presumed that we borrowed the construction along with the statute and as a part thereof.

Furthermore, and with due deference to the Nebraska court as constituted at the time these two cases were decided, we cannot agree with the rule there announced upon the point we are now considering, and we believe the better rule is stated in the earlier cases in that court. Meisner v. Hill was decided by a bare majority of the court, three of the judges dissenting, and in the other case, three judges of the court did not sit, two of whom dissented in the former case. In brief, we concur in the reasoning of Judge Fawcett in his dissent in the Meisner Case. We also believe the Nebraska court in Swift v. Dewey, supra, announced a sound rule of law to the effect that the rights of a grantee under his deed are the same as the rights of creditors to resort to the property in excess of the homestead exemption. If correct in these views, respondent's principal contentions must be overruled. That we are correct seems to be the voice of a large majority of the courts. 21 Cyc. 551, and cases cited. See also the recent cases of Mason v. Truitt, 257 Ill. 18, 100 N. E. 202; Gillespie v. Fulton Oil & Gas Co. 236 Ill. 188, 86 N. E. 219; Wilson v. Wilson, 83 Neb. 562, 120 N. W. 147, (s. c.) 85 Neb. 167, 122 N. W. 856; Benton v. Collins, 125 N. C. 83, 47 L.R.A. 33, 34 S. E. 242; Thompson, Homestead & Exemption, §§ 476 to 480, inclusive.

Appellant's counsel vigorously contends that the action should be dismissed instead of remanded for a new trial, while respondent's counsel contend just as vigorously that a new trial should not be ordered generally, but only upon certain issues, asserting that the spirit of the so-called Newman law demands this.

While plaintiff has failed to prove sufficient facts to warrant the relief prayed for, we adhere to our former opinion that her action should not for that reason be dismissed, but the cause should be remanded for a new trial to enable her to supply the lacking proof. The contention of respondent has been duly considered in connection with the statute (§ 7229, Rev. Codes 1905) providing for trials *de novo* in this court in equity cases. That statute, among other things, provides that "the supreme court shall try anew the question of fact specified in the statement or in the entire case, and shall finally dispose of the same whenever justice can be done without a new trial, and either affirm or modify the judgment or direct a new judgment to be entered in the district court; the supreme court may, however, if it deem such

course necessary to the accomplishment of justice, order a new trial of the action."

We think the above statute also contemplates that there shall first be an adjudication by the district court of the issues in the case. As we said in the former opinion, nothing was adjudicated by the so-called judgment appealed from, and we think it consistent with proper practice under such statute to remand the cause to the end that the district court may hear such further testimony as it may deem necessary, and render a judgment adjudicating the rights of the parties.

Further, we deem it necessary to the accomplishment of justice that a new trial on all issues should be had, to the end, among other things, that upon the vital issue as to whether plaintiff in fact acknowledged the execution of the deed in question, the testimony may, if possible, be more fully and clearly brought out. The testimony on this point is very meager and unsatisfactory.

In the event the court finds that plaintiff did not acknowledge the deed in question, and further that the homestead claimed by plaintiff exceeds the extent and value of the homestead exemption prescribed by law, it will be necessary to segregate such homestead from the remainder of the property, and this brings us to the question of procedure.

The plaintiff having invoked the equity powers and jurisdiction of the district court, that court has power to and should administer full equitable relief to the parties. The fact that no statutory procedure is laid down for the guidance of the court in determining the extent and value of the homestead, and for otherwise determining and adjusting the rights of the parties, is not an insuperable obstacle in the way of administering such equitable relief as the facts warrant. The court has a right to and will invent a suitable remedy in the premises, and we suggest that a suitable remedy to be pursued may be along the lines mapped out in the statute in analogous cases relative to the manner of ascertaining, appraising, and setting apart the homestead, as against execution creditors, found in § 5055 and succeeding sections of the Revised Codes of 1905. The court may hear testimony and determine the necessary facts, or it may appoint appraisers or referees to do so, and report to the court. In the event the homestead is found to exceed the limit as to value, and is incapable of being divided with-

out material injury, a sale thereof should be ordered as provided in § 5061, and the proceeds to the extent of $5,000 should be disposed of as provided in § 5062, and the remainder thereof paid to the defendant. But in case such homestead is capable of being divided, the court should find and designate the homestead boundaries, and quiet defendant's title as to the remainder of the property. On the other hand, if it be found that the entire property described in the complaint and deed constitutes the homestead, plaintiff should have judgment for the relief prayed for in her complaint.

In view of the fact that the fee to this property appears to be in the plaintiff's husband, we suggest that it would, at least, be good practice to cause him to be brought in as a party to the action. This may be done under § 6824, Rev. Codes 1905. If this is not done, we suggest that in the event it is found necessary to order a sale of the homestead, the proceeds of such sale, to the extent of $5,000, should be deposited in court, and paid out only on the joint receipt of both the plaintiff and her husband, as provided in § 5062, aforesaid.

The costs in both courts will abide the final result of the litigation.

All concur, except BURKE, J., who did not participate.